# EDWARD S. MASSEY

## v.

# CHARLES P. WESTCOTT et al.

1. RECORDING ACTS—*judgment creditors and purchasers equally protected.* Under our statutes, in reference to the recording of deeds, a purchaser and a judgment creditor, having a lien, stand upon the same equity, and are equally protected against a prior unrecorded deed, of which they had no notice.

2. JUDGMENT LIEN—*to what it will attach.* A judgment lien attaches to whatever interest in real estate the records disclose in the judgment debtor, in the absence of actual notice from other sources, and is not necessarily restricted to such interest as the debtor may actually have, so as not to take precedence of a prior purchaser claiming under an unrecorded deed.

3. REDEMPTION FROM EXECUTION SALE *by a judgment creditor—of a premature redemption—who may question it.* The fact that a judgment creditor has redeemed land from a prior execution sale before the year allowed to the debtor to redeem has expired, cannot be insisted upon as an irregularity by the debtor, nor by his grantee claiming under a prior unrecorded deed, when neither has sought to redeem within the year. If such premature redemption be an irregularity, either the purchaser under the prior sale, or any other person seeking to redeem, may question it, but persons not injured thereby cannot complain.

4. SAME—*waiver of the irregularity.* But, if the prior execution purchaser accepts the money paid upon the premature redemption by the judgment creditor, he thereby waives any irregularity therein, if such there be.

5. PURCHASE *under a sale by a judgment creditor who redeems from a prior execution sale—to what time his rights relate back.* Where a judgment creditor purchases under his execution sale made upon his redeeming from a prior sale, he will be substituted to the rights of the person who obtained the judgment under which the original sale was made, in respect to a prior sale and conveyance by the debtor, of which there was no notice ; a notice of the prior sale by the debtor, given to the redeeming creditor before his redemption, but subsequent to the attaching of the lien of the judgment from which he redeems, will not avail to defeat his title as to such prior grantee of the debtor.

6. PAROL EVIDENCE—*of matters which are of record.* In a suit where it was sought to prove notice to a judgment creditor of a prior sale of land held under an unrecorded deed, it was *held,* that the facts of the number of terms of a Circuit Court in a certain year, what judge presided, and whether juries were in attendance, though they are facts which might appear from the record, are in the nature of matters *in pais,* and susceptible of proof by parol evidence.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES R. STARR, Judge, presiding.

This was a bill in chancery filed by Edward S. Massey, against Jonathan Cooper and others, in the court below, to reform a deed, and remove a cloud from certain lands in Livingston county.

The bill charges, that one Charles P. Westcott, being the owner of the E. ½ of the N. W. ¼ of section 21, T. 28, north R. 5 E. in Livingston county, on the 12th of February, 1861, conveyed the same to Massey, for a valuable consideration; but, by mistake in the deed, conveyed the E. ½ of the S. W. ¼ of said section, and did not discover the mistake until long after. That Till and Knevels, being judgment creditors of said Westcott, on the 17th of May, 1861, made a levy on said E. ½ of the N. W. ¼ of section 21, and became the purchasers at the execution sale, had June 15th, 1861; and that the same were redeemed from such sale, by one Jonathan Cooper, June 15th, 1862, a subsequent judgment creditor, and that on the 2d of August, 1862, said premises were sold to said Cooper, by the sheriff, as such judgment creditor, and a deed made to him, February 29th, 1864. The bill further charges notice of such mistake to Till and Knevels, and Cooper, at the time of their levies and purchases.

Upon the hearing the court refused the relief sought, and dismissed the complainant's bill, and thereupon he took this appeal.

It is held that the proof does not establish the fact of notice to Till and Knevels of the prior unrecorded deed from Westcott to Massey, before their judgment lien attached, and the questions arising under the assignment of errors are, first, whether, under our recording laws, judgment creditors having liens upon real estate, stand upon the same equity as purchasers; second, whether a judgment lien attaches to whatever interest in real estate the record discloses in the debtor, or is restricted to such interest as he may actually have; third, as to what persons may question the regularity of a premature redemption by a

judgment creditor; fourth, whether a purchaser at a sale by the redeeming creditor will be affected with notice of a prior unrecorded conveyance from his debtor, given after the lien attached under the judgment from which he redeemed; and, fifth, as to what matters of record may be shown by parol proof.

Mr. O. C. GRAY and Messrs. FLEMING and PILLSBURY, for the appellant.

Mr. JOHN CLARK, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

At the May Term, 1861, of the Peoria Circuit Court, Till and Knevels obtained a judgment against Westcott, which was levied on a tract of land in Livingston county, on the 17th of May, 1861, and the levy was duly recorded. At that time the title to the land stood, on the record, in Westcott. He had, however, in February, 1861, made a deed to Massey, the complainant in this suit, intending to convey these premises, but failed to do so, through an error in the description. Till and Knevels sold under their levy and became themselves the purchasers, on the 15th of June, 1861. On the 15th of June, 1862, Cooper, a judgment creditor of Westcott, redeemed from the sale to Till and Knevels, and on the 2d of August the land was again sold under Cooper's execution and purchased by him. A deed was subsequently made to him, and now Massey files his bill against Cooper, asking that his title be set aside and that the mistake in the deed to himself be corrected. The bill charges notice to Till and Knevels, and to Cooper, before their levies were made, of the sale and intended conveyance to Massey, and this is the real question in the case.

From the foregoing statement it is apparent that unless notice can be brought home to Till and Knevels or to Cooper, their attorney, before their lien attached, the case of the complainant must fail. Other points are made by the counsel for appellant. It is insisted that Till and Knevels, even if they

had no notice, are not entitled to protection as judgment creditors because they have parted with nothing and have less equity than would have a subsequent purchaser. But in this State the law is otherwise settled. Under our statutes a purchaser and a judgment creditor having a lien stand upon the same equity, and this has been so held ever since the act of 1833, and the case of *Martin* v. *Dryden*, 1 Gilm. 216. The same remark applies to another point made by appellant's counsel, to wit: that the lien of a judgment attaches only to whatever interest in land the judgment debtor may, in fact, have, and does not take precedence of a prior purchaser claiming under an unrecorded deed. This has been so held in some of the States, but under our act of 1833 it is the settled law of this State that a judgment lien attaches to whatever interest in real estate the records disclose in the judgment debtor, in the absence of actual notice from other sources.

It is also contended by counsel for appellant that the redemption by Cooper was one day too soon, and therefore irregular and void. This is a question which in no wise concerns the appellant, and which he cannot raise. Neither the judgment debtor nor the appellant, as his grantee, sought to redeem within the twelve months allowed to them. Their title was, therefore, gone so far as it depended upon the sale under the Till and Knevels judgment, and whether it was conveyed by the sheriff to Till and Knevels as the purchasers under the execution sale, or to Cooper as a redeeming creditor, was immaterial to them. If Cooper's redemption was irregular, either Till and Knevels or any other person seeking to redeem might question it, but they seem to have accepted the redemption money and thereby waived any irregularity, if such there was, and persons not injured cannot complain. *Blair* v. *Chamblin*, 39 Ill. 521.

The question then recurs, was notice brought home to Till and Knevels or to Cooper, as their attorney, before their lien attached? If it was not, it is unnecessary to consider whether Cooper had notice before he redeemed, as by redeeming he was substituted to the rights of Till and Knevels, and held under

their judgment. The only testimony by which notice is sought to be proven is that of Judge Williamson, who was attorney for Westcott, in the suit brought by Cooper in his own right. He testifies with perfect candor and fairness, and although he thinks it was at the March Term, 1861, that he first told Cooper of Westcott's having conveyed his land, yet he does not profess to speak with certainty as to the date of the conversation, and we are constrained to think, from other circumstances stated by him, that it must have been at some subsequent term. He says: "I defended all the suits that were brought against Westcott in Peoria county, among which was one brought by Cooper and Moss. I recollect at one time trying to get the case continued with Mr. Cooper, telling him if he got judgment there was nothing he could collect on execution, as Westcott had sold his lot in Peoria and land in Livingston county." Now it appears by the record that both suits were commenced to the May Term, 1861. The conversation, therefore, with a view to a continuance, could not have been held at the March Term. Judgment was rendered in the Till and Knevels suit by default, at the May Term, 1861. In the Cooper suit a plea was filed by Williamson & Adams as attorneys for Westcott, and judgment was not obtained until the December Term, 1861. It must have been, therefore, in reference to a continuance of this suit that Williamson had his conversation with Cooper, as he was not defending in the other.

In 1861 there were five terms of the Peoria Circuit Court, to wit, in March, May, August, October, November and December. Now, at which of these terms did this conversation occur? It is impossible to say with certainty from the evidence, but the burden rests on the appellant of showing that it occurred prior to the 17th of May, 1861. This he has failed to do. Having decided that Judge Williamson was mistaken in his impression that it was at the March Term, we are wholly unable to determine at which of the subsequent terms it took place. But the probabilities are that it was subsequent to the May Term, for at that term it appears no jury was called in

consequence of the war, and the continuance which Judge Williamson was seeking would have been, at that term, a matter of course. He says himself he thinks it probable the conversation did not take place at a term when no jury was in attendance. He further says he thinks Judge Merriman was on the bench at the time. Yet it is proven that Judge Merriman never presided until the August Term. These circumstances strongly indicate that the conversation did not take place until after the 17th of May. It certainly cannot be said in view of these facts that the complainant has made such satisfactory proof of notice prior to the 17th of May, as to justify a decree divesting title.

Objections are taken to the parol proof made by the clerk of the Peoria Court. But the only points in regard to which his proof is material, to wit, the number of terms in 1861, what judge presided, and whether juries were in attendance, though they are facts which might appear from the record, are in the nature of matters *in pais*, and susceptible of proof by parol evidence. The decree must be affirmed.

*Decree affirmed.*