# GEORGE MILMINE *et al.*

*v.*

# A. C. BURNHAM *et al.*

1. MISTAKE—*correction as against subsequent purchaser.* Where a mistake was made in the description of land in a conveyance and in a mortgage given to secure the payment of money, and possession was taken of the land intended to have been conveyed, and upon discovery of the mistake the grantor executed a conveyance for the land actually sold, it was *held,* that the mortgagee, on bill to have his mortgage corrected, had a superior equity to a judgment creditor who had notice of the mistake before the making of the second deed, and who, after such notice, caused his execution to be levied upon the land, and also against his assignee, who procured a sheriff's deed.

2. JUDGMENT CREDITOR. A judgment creditor has no equities superior to a *bona fide* purchaser, and whatever notice will affect the latter, must in like manner affect the former.

APPEAL from the Circuit Court of Champaign county; the Hon. LYMAN LACEY, Judge, presiding.

This was a bill in equity, by George Milmine and Edward C. Bodman, against A. C. Burnham, Robert F. Davidson, James Surplis, Catharine Surplis, his wife, Harmond Stevens and Daniel Buskirk, for the correction of a mistake in, and a foreclosure of a mortgage given by Surplis and wife to the complainants. The opinion of the court states the material facts.

Mr. A. J. GALLAGHER, and Mr. J. S. JONES, for the appellants.

Messrs. SWEET & DAY, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

On the hearing of this cause, the court found certain facts, and by stipulation of parties it is agreed the evidence introduced sustains the finding. The facts out of which the controversy arose being uncontroverted, a brief statement may

be made: In 1867, one William A. Conkey sold a tract of land to James Surplis, but in making the deed an error occurred in the description; the description given in the deed located it in a quarter section in which Conkey owned no land. No other error occurred in the description. Surplis, however, with the consent of the grantor, took possession, and in fact occupied the land actually sold to him.

While in possession of this land, Surplis, to secure his indebtedness to complainants, executed to them a mortgage on the land he had purchased of Conkey, but by the same erroneous description contained in the deed. Default having been made, complainants filed a bill to foreclose this mortgage, and obtained a decree. Soon after this decree was rendered, the mistake in the description of the land as given in the deed and mortgage was discovered, and on the 19th of December, 1869, Conkey made another deed to Surplis to correct the erroneous description.

At the October term, 1869, of the circuit court of Champaign county, in which the land is situated, and where the parties reside, defendants Burnham and Davidson obtained a judgment against Surplis and others. That term of the court closed on the 17th day of November, but at that time the judgment creditors had no notice of the mistake in the description of the land, either in the deed or mortgage.

The court found, and the stipulation concedes it, they had "full notice" of the mistake in the mortgage prior to the 19th day of December, 1869, the day on which Conkey made Surplis a new deed correcting the erroneous description in the first deed.

On the 5th day of January, 1870, the execution, which had previously been issued on the judgment in favor of Burnham and Davidson against Surplis and others, was levied upon the land in controversy; was afterwards sold, and purchased by plaintiffs in the execution. The certificate of purchase was afterwards assigned to Swearingen, and the land not having been redeemed, he obtained a sheriff's deed.

The single question that arises on this record is, who has the superior equities—the mortgagees or the judgment creditors, or their assignee, who stands in their shoes?

The judgment creditors maintain they had no notice of the interest of the mortgagees on the 17th day of November, when their judgment became a lien on the property of Surplis; and the lien having once attached, it must prevail over any rights of complainants acquired under the previous mortgage conveying the land to them by an erroneous description. We can not concur in this view of the case. At that date, the legal title to the land was not in Surplis. He had been the owner of the equitable title, but had parted with it by his grant to complainants. However, he was still the owner of an equity of redemption, and was in possession. All the judgment could become a lien upon, was his equity of redemption. Whatever interest he had could only be known by inquiry of him upon the premises, and such inquiry would have disclosed the fact he had previously conveyed his equitable title to complainants by mortgage deed. Before the legal title became vested in Surplis under Conkey's second deed, the judgment creditors had " full notice " of the interest of complainants—that Surplis had mortgaged the land to them, but by an erroneous description. It was after notice they caused the levy and sale to be made.

Under our statute, a purchaser and a judgment creditor having a lien, stand upon the same equity. *Massey* v. *Westcott,* 40 Ill. 160. This is the most favorable view of the law defendants can insist upon. It can not be justly claimed a judgment creditor has any equities superior to a *bona fide* purchaser. Whatever notice would affect the latter, must in like manner affect the former. Surplis had no title of record, and the extent of his interest could only be known by inquiry of him on the premises. As we have before said, inquiry would have disclosed the fact he owned nothing but an equity of redemption, having previously conveyed whatever title he had to complainants by mortgage deed. With

what show of justice can it be said a purchaser with such notice would obtain superior equities to previous mortgagees? Yet, this is the precise attitude defendants occupy. Had the legal title been in Surplis before the judgment creditors had notice of the prior mortgage, and before the judgment became a lien, a very different question might have been presented. The case, then, perhaps would have been within the rule in *Massey* v. *Westcott, supra.* But such was not the case. It is conceded by stipulation the judgment creditors had " full notice " of the equities of the mortgagees before the legal title became vested in the judgment debtor. Hence, it can not be insisted they were innocent purchasers.

This is a contest between creditors, and, in view of the facts found by the court, we are clearly of opinion complainants had superior equities, and should prevail.

The decree will be reversed and the cause remanded, with directions to the circuit court to decree the relief sought by the bill.

*Decree reversed.*