·The Citizens' National Bank of Indianapolis

*v.*

Mary E. Dayton, Admx.

*Filed at Springfield January 22, 1886.*

1. Mortgage—*bill to foreclose by an administrator, and to reform the mortgage for mistake.* On bill by the administrator of a deceased mortgagee to foreclose the mortgage, the court may not only enter a decree of foreclosure, but also, the bill being properly framed for that purpose, for the correction of a mistake in the mortgage as to the description of the mortgaged premises.

2. Where a court of equity has acquired jurisdiction to foreclose a mortgage on behalf of the administrator of the deceased mortgagee, it will have jurisdiction to afford all incidental relief germane to the principal object of the bill. In such case a reformation of the mortgage to correct a mistake therein is merely incident to the principal relief asked.

3. Same—*release of mortgage—what will so operate—giving a new note.* Where a mortgagee agreed to release a mortgage upon condition that the mortgagor should insure his life to secure the debt, which was never done, and a power of attorney was written upon the mortgage authorizing the recorder to enter satisfaction of the same, which was never delivered, but retained by the mortgagee, and a new note was taken and the old one marked cancelled, but not surrendered: *Held*, that this was not sufficient to show a release of the mortgage.

4. The taking of a new note will not operate to discharge the mortgage security for the debt. A mere change in the form of the evidence of the debt will not in any manner affect the lien created by a mortgage.

5. Parties—*on bill to foreclose mortgage—generally—and in case of the death of the mortgagee.* On bill to foreclose a mortgage, all persons having an interest, either legal or equitable, in the mortgaged premises, must be made parties; but the heirs of a deceased mortgagee, before a foreclosure or entry for condition broken, have no interest in the premises, and are not necessary, or even proper, parties to a bill by the administrator to foreclose the mortgage.

6. Where the mortgagee is dead, his personal representative is the proper party to bring a bill to foreclose the mortgage, for the reason the money secured belongs to the personal assets, and draws after it the mortgaged estate as an incident.

7. Notice—*of mistake in description in a mortgage—under the Recording law.* A mortgagor owned part of lot 25, but no part of lot 26. A mortgage given by him described the premises as part of lot 25, but in giving the metes and bounds, the place of beginning, by mistake, was stated as at the

17—116 Ill. .

south-*west* corner instead of the south-*east* corner of lot 25. Commencing at the south-*west* corner of lot 25, the description given would bound a piece of ground in lot 26, while commencing at the south-*east* corner would describe the ground owned by the mortgagor: *Held,* that the record of the mortgage and the facts stated were sufficient to put a subsequent purchaser from the mortgagor, or a judgment creditor, upon inquiry, which would have led to a knowledge of the fact of the mistake, and was therefore notice.

8.   SAME—*what amounts to notice—putting one on inquiry.* Where there is enough to put a prudent man upon inquiry in respect to the title to land, he will be chargeable with all the facts he might have learned by the exercise of reasonable diligence in making inquiry as to matters to which his attention had been directed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Coles county; the Hon. J. W. WILKIN, Judge, presiding.

Mr. JAMES A. CONNOLLY, and Messrs. DUNN & CONNOLLY, for the plaintiff in error:

An administrator must take the estate as he finds it.   He can not reform deeds or remove clouds from the title to real estate.   *Smith* v. *McConnell,* 17 Ill. 135; *Gridley* v. *Watson,* 53 id. 186; *Shoemate* v. *Lockridge,* id. 503; *Phelps* v. *Funkhouser,* 39 id. 401; *Beebe* v. *Saulter,* 87 id. 521; *LeMoyne* v. *Quimby,* 70 id. 400; *Cutter* v. *Thompson,* 51 id. 390.

In a proceeding to foreclose a mortgage, all persons having any interest, either legal or equitable, in the mortgaged premises, must be made parties.   The mortgagee is the legal owner of the same, and in case of his death his heirs succeed to the legal estate.   *Oldham* v. *Pfleger,* 84 Ill. 102; *Carroll* v. *Ballance,* 26 id. 17; Story's Eq. Pl. sec. 200.

It is true the heirs only hold the title in trust, but they can not be divested of this legal title without being represented in court.   They hold the legal title for the benefit of the beneficial holder of the note, the *cestui que trust.*   They occupy precisely the position of the trustee in a trust deed, which is merely an incident to the debt, as well as a mortgage.   Both

the trustee and *cestui que trust* are necessary parties to a suit for the foreclosure of a trust deed. *McGraw* v. *Bayard*, 96 Ill. 146; *Scanlan* v. *Cobb*, 85 id. 296; *Gaytes* v. *Savings Bank*, id. 256.

While it is true that where a mortgage and note are given to secure the payment of a sum of money, the renewal of the note does not operate as a discharge of the mortgage, yet the intention of the parties always controls. The lien may be discharged by a release of the mortgage as well as by the payment of the debt. *Rogers* v. *Trustees of Schools*, 46 Ill. 428; *Flower* v. *Elwood*, 66 id. 438.

A purchaser and a judgment creditor having a lien, stand upon the same equity. *Martin* v. *Dryden*, 1 Gilm. 216; *Massey* v. *Westcott*, 40 Ill. 160; *Milmine* v. *Burnham*, 76 id. 362.

It is true the mortgage states that the property is a part of lot 25, which is superfluous, and being rejected, leaves a correct description by metes and bounds, which must control. *Jackson* v. *Loomis*, 18 Johns. 81; *Everett* v. *Boardman*, 58 Ill. 429; *Emmert* v. *Hays*, 89 id. 17.

Where there are two descriptions in a deed, the one, as it were, superadded to the other, and one description being complete and sufficient of itself, and the other, which is subordinate and superadded, is incorrect, the incorrect description, or feature, or circumstance of the description, is rejected as surplusage, and the complete and correct description is allowed to stand alone. *Kruse* v. *Wilson*, 79 Ill. 233; *Myers* v. *Ladd*, 26 id. 415; *Railroad Co.* v. *Morgan*, 69 id. 492; *Job* v. *Tebbetts*, 4 Gilm. 153; *Rodgers* v. *Kavanaugh*, 24 Ill. 587.

In the description of lands, in conveyances and judicial proceedings, it is held that if it can be made certain by rejecting that which is repugnant or false, it will be done so as to effectuate the intention of the grantor. *Swift* v. *Lee*, 65 Ill. 336; *Sharp* v. *Thompson*, 100 id. 447; *Everett* v. *Boardman*, 58 id. 429; *Miller* v. *Buler*, 25 id. 163; *Sickmon* v. *Wood*, 69 id. 330; *Kruse* v. *Scripps*, 11 id. 103.

Messrs. BROWN & KIRBY, for the defendant in error:

The defendant in error, as administratrix, was entitled to the relief sought, including the correction of the mistake.

The arrangement made between Mary D. Dayton and Joseph Dayton, for a release of the mortgage, was never consummated, and consequently the mortgage was not released.

The mortgage, though containing a defective description, was sufficient to charge the bank with notice of all the rights and equities of Mrs. Dayton.

A party having notice of such facts as would put a prudent person on inquiry, is chargeable with a knowledge of other facts which, by diligent inquiry, he would have learned. *Burt* v. *Coleman,* 89 Ill. 364; 4 Kent's Com. 179; *Doyle* v. *Leas,* 4 Scam. 204; *Rupert* v. *Mark,* 15 Ill. 542; *Morrison* v. *Kelly,* 22 id. 610; *Merric* v. *Wallace,* 19 id. 486; *Babcock* v. *Lisk,* 57 id. 327; *Ogden* v. *Haven,* 24 id. 59; *Railroad Co.* v. *Kennedy,* 70 id. 350; *Harper* v. *Ely,* 56 id. 179; *Watt* v. *Schofield,* 76 id. 261; *Russel* v. *Ranson,* 76 id. 168; *Erickson* v. *Rafferty,* 79 id. 210; *Bent* v. *Coleman,* 89 id. 364; *Brown* v. *Galloway,* 98 id. 41.

In equity, whatever information is sufficient to put a purchaser upon inquiry, is sufficient notice of prior claims upon property transferred to him. *Magruder* v. *Peter,* 11 Gill & J. 217; *Ringgold* v. *Bryan,* 3 Md. Ch. 488.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The bill in this case is the ordinary bill to foreclose a mortgage made by Joseph Dayton to Mary D. Dayton, since deceased, and in which other relief is asked.    It was originally brought by Oliver E. Dayton, administrator of the mortgagee, against the mortgagor, and other persons, it is alleged, claim some interest in the mortgaged premises, but subsequent to the date of the making and recording of the mortgage.    Since the death of the original complainant, Oliver E. Dayton, the

suit has been prosecuted in the name of Mary E. Dayton, administratrix *de bonis non* of Mary D. Dayton, deceased. On the final hearing, the circuit court reformed the mortgage so as to show it embraced the premises intended by the parties to be included in it, and rendered the usual decree of foreclosure. That decree was afterwards affirmed in the Appellate Court for the Third District, and the case is brought to this court on error.

The only defendant to the original bill which attempted to make any defence in the court below, or that assigns error on the record in this court, is the Citizens' National Bank of Indianapolis, a foreign corporation located and doing business in the State of Indiana. It is admitted the bank obtained a judgment in the United States Circuit Court for the Southern District of Illinois, on the 5th day of January, 1876, against Joseph Dayton, the mortgagor, on which execution issued April 24, 1876, and which was afterwards returned by the proper officer *nulla bona*. That judgment remains in force, and is still unsatisfied. Although the bank obtained its judgment long since the making and recording of the mortgage sought to be foreclosed, it claims a prior lien under its judgment and execution on the property in controversy, and whether it has such prior lien or not, is the principal question in the case.

Before coming to the principal question made, it may be well to first consider some objections that go only to the present decree.

*First*—It is said complainant, as administratrix, is not entitled to the relief prayed for as to the alleged mistake in the mortgage. It is not perceived what this objection has to rest upon. Correcting the mortgage so as to make it embrace the land intended to be included in it, is in no sense to compel the specific performance in favor of the administratrix of a contract made by the mortgagee for the conveyance of lands. The contract had been executed, except it had been erro-

neously done, and nothing remains except to make the conveyance speak the truth, as the parties intended it should. Reforming the mortgage as was done, was merely incident to the principal relief asked, and when the court had obtained jurisdiction to foreclose the mortgage on behalf of the administratrix, it had also jurisdiction to afford all incidental relief germane to the principal object of the bill. Of this there can be no doubt, and there is no error in the decree in that respect.

*Second*—It is made an objection to the present decree that the heirs of the deceased mortgagee are not made parties to this suit. Counsel state the rule correctly, that in a proceeding to foreclose a mortgage all persons having an interest, whether legal or equitable, in the mortgaged premises, must be made parties. The difficulty does not lie in ascertaining the rule on this subject, but in its application. What interest, either legal or equitable, have the heirs of a mortgagee in the land itself before a foreclosure of the mortgage or an entry for condition broken? It is thought they have none at all. Both the note and mortgage pass to the administrator as other choses in action, and such administrator may foreclose the mortgage as one mode of enforcing payment of the note. When the mortgagee is dead, the general rule now is, his personal representative is the proper party to bring the bill to foreclose, for the reason the money secured belongs to the personal assets, and draws after it the mortgaged estate as an incident. It may be many of the old cases hold, and so some of the text writers may have stated the doctrine to be, that if the mortgage be in fee, in case of the death of a mortgagee his heirs are proper parties, either as complainants or as defendants, and the reason for the rule as it then existed was, the heirs alone were competent to reconvey, or otherwise there would be no one to release the trust property in case it was redeemed from the mortgage sale. But no necessity exists, in this State at least, for the adoption of any such rule. A statute of this State (Rev. Stat. 1874, chap. 95,

sec. 9,) provides a mortgage or trust deed may be released by an instrument in writing executed by the executor or administrator. Since both the note and mortgage have come to be regarded as mere personal assets, they pass to the legal representative of the mortgagee, and his heirs are not necessary or even proper parties to a bill to foreclose.

Coming now to consider that which is alleged to be a bar to any relief, it is insisted the evidence shows, that by an agreement between the mortgagee and the mortgagor the lien of the mortgage was released. The evidence affords no warrant for the position taken. There were negotiations for the release of the mortgage and the taking of other security, but no plan was consummated. The mortgagor was to insure his life to secure the debt owing to the mortgagee. That was a condition precedent to any release of the mortgage security. Either he could not or did not effect any insurance upon his life, and all negotiations looking to a release of the mortgage came to an end, and the papers were returned by the person having charge of them for that purpose, to the mortgagee or her agent. It is true a power of attorney was written on the back of the mortgage, with a view to authorize the recorder to enter satisfaction of the mortgage, but it was never done. The power of attorney was never even delivered to him. It was always retained by the maker or her agents. The fact it was written on the back of the mortgage gave it no more effect than if it had been written on a separate piece of paper, and had been retained by the maker. There is and can be no pretence the mortgage was ever entered satisfied of record, so as to mislead the bank or any one else. It is also true a new note was taken, and the old one marked cancelled, but it was never surrendered to the mortgagor. The taking of a new note would not operate as a discharge of the mortgage security. A mere changing of the form of the evidence of the debt in nowise affects the lien created by the mortgage. The doctrine on this subject is definitely settled by the previous

decisions of this court. *Rogers* v. *Trustees of Schools,* 46 Ill. 428; *Flower* v. *Elwood,* 66 id. 438.

In drafting the mortgage, the property intended to be included in it seems to have been misdescribed, in part at least, and in that respect the bill asked to have the mortgage reformed so as to conform to the true description. This, it is insisted, can not be done, for the reason, it is said, the bank occupies the position of an innocent purchaser for value, without notice of the alleged mistake in the mortgage. It was said by this court in *Milmine* v. *Burnham,* 76 Ill. 362: "It can not be justly claimed a judgment creditor has any equity superior to a *bona fide* purchaser. Whatever notice would affect the latter, must in like manner affect the former." Applying this doctrine, the point made may be readily disposed of.

There was clearly enough in this case to affect a purchaser with notice of the mortgagee's right. The lot the mortgagor owned was a part of lot 25, and it was so described in the mortgage. The mistake occurred by commencing to describe the part of lot 25 mortgaged, by metes and bounds, at the south-*west* corner, instead of the south-*east* corner of said lot. Commencing at the south-*west* corner of lot 25, the description given would bound a piece of ground in lot 26. The mortgagor owned no part of lot 26 at the time of the making of the mortgage, and never did, before or since. He did own a part of lot 25, which would be accurately described by the distances given in the mortgage, by commencing at the south-*east* corner instead of the south-*west* corner of the lot, to bound it. The mortgagor was in possession of a part of lot 25 in 1868, when the mortgage was made and recorded, and continued to be, by himself or tenants, until long after the bank obtained its judgment. The fact the mortgaged premises were described as a part of lot 25, and that the mortgagor owned a piece of ground in that lot, and that the record showed he owned none in lot 26, was amply sufficient

to put a purchaser on inquiry as to the source of his vendor's title, and had he once entered upon such inquiry it would have led him to a knowledge of the true condition of the title he was buying.   Omitting to observe that ordinary precaution, he would be chargeable with a knowledge of all the facts he might have learned by the exercise of reasonable diligence in making inquiry as to matters to which his attention had been directed.   Certainly a judgment creditor can not insist. on any greater protection in such matters than a *bona fide* purchaser for value.   No doubt is entertained these facts were sufficient to charge the bank with notice of the mortgage, and with the mistake in the description of the land intended to be conveyed.   Under the previous decisions of this court the decree is warranted by the law and the evidence.   *Milmine* v. *Burnham, supra; Bent* v. *Coleman,* 89 Ill. 364; *Babcock* v. *Lisk,* 57 id. 327.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*