### In re NOVAK.

(District Court, N. D. Iowa, Cedar Rapids Division. December 3, 1901.)

BANKRUPTCY—POWERS OF COURT—REDEMPTION FROM SALE OF REALTY.

A court of bankruptcy has no power to grant leave to a creditor of a bankrupt to redeem from a sale of real estate made by the trustee, under an order of the referee, nor is it material that such creditor is the wife of the bankrupt who also claims an interest in the property, since such interest, if any, would not be affected by the sale.

In Bankruptcy. On certificate of referee with respect to ruling on motion of Barbara Novak for leave to redeem from sale of realty by trustee. See 111 Fed. 161.

Remley & Ney, for Barbara Novak.
Ranck & Bradley and S. H. Fairall, for trustee.
W. J. Baldwin, pro se.

SHIRAS, District Judge. The record in this case shows that the trustee, under the order of the referee, advertised for sale, at public auction, 30 feet off the east side of lot 7, block 59, in Iowa City, as part of the assets of the bankrupt estate. At the sale the property was bought by W. J. Baldwin, acting as attorney for some one or more of the creditors of the estate, the sale taking place October 26, 1901, and the sum bid being $640, the purchaser assuming the payment of the taxes on the property, which amount to $60 or there-

abouts. After the sale had been made, Barbara Novak, the wife of the bankrupt, a creditor of the estate, and a claimant of an interest in the realty, filed before the referee an application for leave to redeem from the sale, offering to pay for that purpose the sum of $728, so as to cover the costs connected with the proceedings. The referee held that he had no right to allow the redemption prayed for, and the matter has been certified to this court for its consideration. It appears that the parties endeavored to reach an arrangement by which Mrs. Novak would be permitted to take the property by paying a named sum, but this arrangement was not carried out, the parties disagreeing over the terms. This matter was gone into in the testimony before the referee, but without result, and, as already stated, the referee held that the court could not award a right to redeem the property to Mrs. Novak, and this presents the only question which can be considered by this court; for, if it be true that Mrs. Novak does not have the right to redeem from the sale, then she has shown no ground enabling the court to deprive the purchaser at the sale of the rights which he then acquired.

The title of the bankrupt in this property had passed to the trustee, and upon the sale by the latter no right of redemption existed in favor of the creditors of the estate. If it be the fact that Mrs. Novak owns the realty or an interest therein, such interest would not pass by the sale of the title of the trustee, but the ownership of an interest by Mrs. Novak does not give her a right to redeem from a sale of the interest of the bankrupt. That interest, whatever it may be, has passed to the purchaser at the sale, and no ground is perceived upon which it can be held that the court can compel this purchaser to permit Mrs. Novak to take the interest upon payment of any sum, by way of redemption or otherwise. The case may have elements of hardship in it, but, if such exist, they do not confer a right upon the court to deprive the purchaser at the sale of the rights he then acquired.

The ruling of the referee is therefore affirmed.