(No. 11825.—Appellate Court reversed; circuit court affirmed.)
THE CHICAGO SAVINGS BANK AND TRUST COMPANY, Defendant in Error, *vs.* L. H. COLEMAN *et al.* Plaintiffs in Error.

*Opinion filed April 17, 1918—Rehearing denied June 6, 1918.*

1. JUDGMENTS AND DECREES—*the right to redeem from sale on judgment or decree of foreclosure is purely statutory.* The right of redemption from sale on judgment or decree of foreclosure is purely statutory and cannot be exercised except within the periods of time and in manner substantially as pointed out in the statute.

2. SAME—*right to redeem cannot be based solely upon a judgment obtained in another county.* A judgment creditor cannot sell land of the judgment debtor situated in another county or redeem from a sale thereof without sending an execution to such county and having the certificate of levy filed or filing in such county a transcript of the judgment, and until he has pursued one or the other of such courses he acquires no rights as against local judgment creditors.

3. SAME—*a judgment creditor may obtain satisfaction by levy and sale of real estate or by redemption from prior sale.* A creditor who obtains a judgment against his debtor thereby obtains a right to obtain satisfaction of such judgment either by a levy and sale of real estate of the judgment debtor or by redemption from a prior sale under a decree or judgment, and a prior judgment creditor is entitled to such levy and sale although the same land has been sold on execution issued on a junior judgment.

4. SAME—*right to redeem in another county dates from filing a certificate of levy or transcript of judgment.* The priority of right of various judgment creditors to redeem from a sale of real estate owned by the judgment debtor in a particular county must be determined as of the dates such creditors obtained judgments in said county or filed in that county certificates of levy or transcripts of judgments obtained in other counties.

DUNN, COOKE and DUNCAN, JJ., dissenting.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

BARBER & BARBER, for plaintiffs in error.

KEITHLEY & KEITHLEY, for defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

On May 13, 1915, certain lands situated in Sangamon county belonging to John S. Level were sold pursuant to a decree of foreclosure rendered by the circuit court of that county. No redemption was made from such foreclosure sale within twelve months. On May 13, 1916, the following unsatisfied judgments against Level were of record in the office of the circuit clerk of Sangamon county: First, a judgment in favor of John C. Chrystal for $1529.70, recovered in the circuit court of Cook county December 7, 1912, a transcript of which judgment was filed in Sangamon county December 14, 1912; second, a judgment recovered by Arthur H. Renaud in the municipal court of Chicago February 3, 1914, transcript filed in Sangamon county August 27, 1914, amount of judgment $525.80; third, a judgment recovered November 9, 1914, in the circuit court of Sangamon county, in favor of plaintiff in error L. H. Coleman, amount $5025; fourth, a judgment recovered by the Chicago Savings Bank and Trust Company, defendant in error, in the circuit court of Cook county, January 28, 1913, transcript filed in Sangamon county November 10, 1914, amount $556.02. Executions had been issued to the sheriff of Sangamon county and returned "no property found" on each of said judgments, on the Coleman judgment within one year from the date of rendition and on each of the other judgments within one year from the time of filing the transcripts. On May 16, 1916, the defendant in error bank sued out an execution on its transcript from the circuit court of Sangamon county and attempted to make a redemption from the prior foreclosure sale. On May 18, 1916, plaintiff in error Coleman (C. S. Salzenstein as assignee) sued out an execution on the Coleman judgment and delivered the same, with the necessary redemption money, to the sheriff of Sangamon county for the purpose

of making a redemption from the foreclosure sale, but the sheriff refused to proceed with the redemption without an order of court. By agreement between the parties the matter was submitted to the circuit court of Sangamon county to decide which one was entitled to redeem under the circumstances, and the court entered an order that the sheriff execute the writ of execution dated May 18, 1916, based on the Coleman judgment, and issue a certificate of redemption of the real estate and proceed to advertise for sale said real estate under said execution, as provided by law. An appeal was perfected by the bank to the Appellate Court for the Third District, which reversed the order and judgment of the circuit court, and the cause has been brought to this court by *certiorari*.

The sole question involved is which of the two judgment creditors, the bank or Coleman, was, under the foregoing circumstances, entitled to redeem, and the determination of this question depends upon whether the priority of redemption depends upon the date of a judgment, irrespective of where rendered, or on the date when the transcript of the judgment was filed in the county in which the redemption is sought to be made.

The right of redemption from sale on judgment or decree of foreclosure is purely statutory, and it cannot be exercised except within the periods of time and in the manner substantially as pointed out in the statute. (*Herdman* v. *Cooper,* 138 Ill. 583.) Section 18 of chapter 77 of our statutes provides that any defendant or person interested in the premises through or under the defendant may, within twelve months from a sale of real estate on a judgment or decree, redeem the real estate so sold by paying to the purchaser or officer who sold the same the sum of money for which the premises were sold, with interest, etc. Section 20 provides that if such redemption is not made, any decree or judgment creditor may, after the expiration of twelve months and within fifteen months after the sale, redeem, etc.

Section 24 provides that when there are several decree or judgment creditors, the creditor having the senior judgment or decree shall have the preference to redeem during the first two days next after the expiration of twelve months, and the other creditors shall, respectively, have preference to redeem during a like time in the order of seniority of their several judgments or decrees, but where two or more judgments or decrees bear equal date the creditor first paying the redemption money shall have preference. Section 1 of the same chapter provides that a judgment of a court of record shall be a lien on the real estate of the person against whom it is obtained, situated within the county for which the court is held, from the time the same is rendered or revived for the period of seven years and no longer: *"Provided,* that there shall be no priority of the lien of one judgment over that of another rendered at the same term of court, or on the same day in vacation; and upon the filing in the office of the clerk of any court of record in any county in this State, of a transcript of a judgment or decree rendered in any other county of this State, such judgment shall have the like force and effect and shall be a lien upon the real estate of the party against whom the same is obtained in said county where filed, and execution may issue thereon in said county, in like manner as in the county where originally obtained." The portion of the section quoted was added by amendment in 1889.

Chrystal was the senior judgment creditor, both as to the date of his judgment and date of filing his transcript in Sangamon county, and on expiration of the twelve months allowed the judgment debtor and those interested under him to redeem, Chrystal, as such senior judgment creditor, had a preference of two days in which to redeem, which he did not exercise. The judgment of the defendant in error was the next oldest in point of time, and if the date of the judgment, wherever rendered, is to be taken, the attempted redemption by defendant in error was proper. If, however,

the date of the filing of the transcript in the county where the property is situated is to be taken, then Renaud had the right to redeem for the next two days under his judgment, which he did not exercise, and Coleman had the right during the two following days, and should have been allowed, to redeem, as held by the circuit court.

The judgment of the Appellate Court is based on the holding that the only effect of the amendment to section 1 of chapter 77, *supra,* was to give additional rights and a surer means of collecting claims, and that it was not intended to restrict or limit the rights of judgment creditors as theretofore existing; that its effect is to give a judgment the same force and effect in the county where the transcript of such judgment is filed as it has in the county where it was rendered, but that priority of the right to redeem still depends upon the date of the judgment proper and not upon either the date of the filing of the transcript or issuing the execution. A judgment creditor having a judgment in a court of record in a county other than the county in which the judgment debtor has real estate may pursue one of two courses to subject such real estate to the satisfaction of his judgment. He may file a transcript of his judgment in the county where the real estate of the judgment debtor is situated, as provided in section 1 of chapter 77, or he may have execution from the court in which he has obtained judgment, directed to the proper officer of the county in which the real estate is situated, as provided in section 4. If the first method is pursued, that of filing a transcript, then upon the filing of such transcript, as provided in section 1, such judgment shall have the like force and effect and shall be a lien upon the real estate of the party against whom the same is obtained in said county where filed, and execution may issue thereon in said county in like manner as in the county where originally obtained. If the judgment creditor proceeds under section 4, then there must be considered the provisions of section 34, which provides that

when a writ of execution is issued from a court of one county to a sheriff or other officer of another county and levied upon real estate in the latter county, the officer making such levy shall make a certificate thereof and file the same in the office of the recorder of his county, and until the filing of such certificate such levy shall not take effect as against creditors and *bona fide* purchasers without notice. "Creditors" would include judgment creditors who had obtained judgments or filed transcripts of judgments in the county where the real estate of the debtor was situated. (*McFadden* v. *Worthington,* 45 Ill. 362.) In *Gary* v. *Newton,* 201 Ill. 170, it is said on page 186 of the opinion: "In Illinois a creditor who has obtained a lien upon land by virtue of his judgment and execution thereunder occupies the same position with respect to prior unrecorded instruments of writing or conveyances as does a purchaser.— *Massey* v. *Westcott,* 40 Ill. 160; *Martin* v. *Dryden,* 1 Gilm. 187; *Milmine* v. *Burnham,* 76 Ill. 362; *Columbus Buggy Co.* v. *Graves,* 108 id. 459."

We know of no reason why a judgment creditor who has obtained a judgment in the county in which the debtor has real estate is not entitled, for all purposes, to the same protection against a prior judgment rendered in another county as against a prior unrecorded deed, so that as against him the rights of the holder of such judgment rendered in another county would only date from the time the transcript was filed in the county where the real estate of the judgment debtor is situated, or an execution issued from the county where the judgment was rendered and a levy made and recorded in the county where the real estate of the judgment debtor is situated. The judgment rendered in Cook county had no effect on real estate of the judgment debtor situated in Sangamon county. In order to acquire any rights as a judgment creditor against other judgment creditors having judgments of record in Sangamon county, it was necessary for the defendant in error to either file a

transcript of its judgment in the latter county, as provided by section 1 of chapter 77, or cause an execution to be issued thereto and have a levy made and such levy recorded, as provided in sections 4 and 34, and it is clear from the various provisions of the statute referred to, that the right of the defendant in error to enforce its judgment against land of the judgment debtor in Sangamon county, as against other judgment creditors, would date from the filing of its transcript under section 1 or recording a levy under section 34 in Sangamon county.

It is not necessary to consider sections 4 and 34 of chapter 77 or what would have been the effect had the defendant in error elected to pursue the course provided in those sections. Defendant in error filed a transcript of its judgment in Sangamon county. The question is, what was the effect of filing said transcript as to the rights of defendant in error as a judgment creditor and as against other judgment creditors? A creditor who obtains a judgment against his debtor thereby obtains a right to obtain satisfaction of such judgment either by a levy and sale of real estate of the judgment debtor or by redemption from a prior sale under a decree or judgment. Where the method of obtaining satisfaction is by a direct levy and sale the senior judgment creditor has the priority in exercising that right,—that is, the judgment creditor who has the oldest judgment of record in force in the county, as provided in section 1 of chapter 77, or who has first caused an execution to be issued from another county and a levy made and a certificate recorded, as provided in sections 4 and 34. A sale of land on execution issued on a junior judgment, although such sale is prior in point of time, will not affect the right of a prior judgment creditor to have his judgment satisfied by a sale of the same land sold under the junior judgment. (*Kirk* v. *Vonberg,* 34 Ill. 440; *Rogers* v. *Dickey,* 1 Gilm. 636.) In this case, if the judgment debtor, Level, had redeemed from the foreclosure sale with-

in the twelve months allowed him, and if the senior judgment creditor had then caused the land to be sold under an execution issued on his judgment, and Level had also redeemed from that sale, and so on with the next older judgment, there can be no question that under the provisions of section 1 of chapter 77 the different judgment creditors would have had the right to enforce their respective judgments, in the order in which they became liens, on the real estate in question situated in Sangamon county. It is true and has been frequently held that the right of a judgment creditor to redeem does not depend upon a judgment lien; and that is necessarily true, as there are many cases where the holder of a judgment would have no judgment lien, as, where the judgment debtor was the owner of an equity of redemption and had conveyed such equity before the judgment was rendered, such judgment creditor might still have a right of redemption. A judgment lien is not involved in this case. Section 1 of chapter 77 provides that upon the filing of a transcript the judgment shall have the like force and effect and execution may issue thereon in like manner as in the county where originally obtained. The issuance of an execution and a levy are necessary either to sell the land or redeem and sell. The object of the statute in either case is to provide a means of obtaining satisfaction of the debt, and preference is given to creditors in the order in which they put themselves in a position so to do under the statute by obtaining judgments or filing transcripts in the county where such satisfaction is to be had by a sale of land situated therein. The defendant in error bank in this case acquired no right of redemption in the manner provided by statute, as against other judgment creditors, until the transcript of its judgment was filed. The right of redemption of the various judgment creditors of Level upon real estate owned by him in Sangamon county must be determined as of the dates such creditors obtained judgments in Sangamon county or filed in that county tran-

scripts of judgments obtained in other counties. Taking them in this order, plaintiff in error Coleman was the senior judgment creditor as between him and the defendant in error, and was entitled, under section 24 of chapter 77, to the preference to redeem at the time he tendered his redemption money to the sheriff.

The judgment of the Appellate Court will be reversed and the judgment of the circuit court of Sangamon county will be affirmed.  •

*Judgment of Appellate Court reversed.*
*Judgment of circuit court affirmed.*

DUNN, COOKE and DUNCAN, JJ., dissenting:

The right of a judgment creditor to redeem from a judicial sale of property of the judgment debtor does not depend upon any lien on the property, and the judgment under which redemption may be made may be in any county in the State. (*Sweezey* v. *Chandler,* 11 Ill. 445; *Heinroth* v. *Frost,* 250 id. 102.) Until 1917 there had been no substantial change in the statute in regard to redemption by judgment creditors from judicial sales since the act of February 19, 1841, providing the method for the exercise of such right, (Laws of 1841, p. 168,) and there has never been anything in any statute limiting the right of redemption to creditors whose judgments or decrees were recovered in the county in which the land to be redeemed was situated. There was no statute regulating the priority of the right of redemption among judgment creditors until the adoption of the "act in regard to judgments and decrees and the manner of enforcing the same by execution and to provide for the redemption of real estate sold under execution or decree," in 1872, which was a revision of the whole subject and became chapter 77 of the Revised Statutes. Section 24 of that act provided that when there are several judgment or decree creditors, the creditor having the oldest judgment or decree shall have the preference to

redeem during the first two days after the expiration of twelve months from the sale, and other creditors shall, respectively, have preference to redeem during a like time in the order of seniority of their several judgments or decrees. This section applied to all judgment and decree creditors, having the right to redeem, whether their judgments or decrees were recovered in the county where the land was situated or not, and it has never been changed. The act of 1841 was retained in chapter 57 of the Revised Statutes of 1845, and sections 5 and 25 of that chapter are sections 4 and 34 of chapter 77 of the Revised Statutes of 1874. The provisions of the statute of 1845 are identical with those of the present statute prior to its amendment in 1917, so far as the right of redemption is concerned. In *Sweezey* v. *Chandler, supra,* they were construed and the right of creditors whose judgments are in other counties than that in which the land lies to redeem was declared, and that right has never been questioned until now. Every judgment creditor has had the right to redeem without regard to the county in which his judgment was recovered.

The amendment of 1889 to section 1, mentioned in the principal opinion, in our judgment has nothing to do with this question. It merely provided a method of obtaining a general lien on all of the real estate of the debtor in any county and of obtaining execution in that county. The filing of the transcript was not the recovery of a new judgment and did not take away any of the attributes of the original judgment. There is but one judgment in favor of the defendant in error, and that is the judgment of the circuit court of Cook county, and execution may issue upon it with the same effect as prior to the amendment of 1889. This amendment by its express language authorized an execution to be issued also in Sangamon county on the judgment in Cook county in the same manner as in Cook county. The execution, whether issued in Cook county or in Sangamon county, is issued upon the Cook county judgment, and

the rights of the judgment creditor under it are the same. This judgment was recovered on January 28, 1913, while that of the plaintiff in error Coleman was not recovered· until November 9, 1914. The former was therefore the senior judgment and had the preference over the latter of the right to redeem for the two days fixed by the statute. The circuit court erroneously gave this right to the junior judgment, and the judgment of the Appellate Court reversing this order should be affirmed.