## In re CHILTON.

### No. 8074.

District Court, D. Colorado.

April 16, 1937.

See, also, 16 F.Supp. 14.

J. Emery Chilton, of Denver, Colo., for debtor.

James R. Hoffman, of Denver, Colo., for John R. Walker, creditor.

SYMES, District Judge.

This matter is before the court on the petition of the debtor Chilton, dated April 8, 1937, to redeem the equity in real estate from the trustee's sale on March 25, 1937. The debtor tendered and paid into court $550, the price the property sold for.

The petition presents for decision whether the debtor has a right to redeem under the circumstances disclosed by this record.

This is a proceeding under the so-called Frazier-Lemke Act (section 75 of the Bankruptcy Act), as amended (11 U.S.C.A. § 203), particularly subdivision (s) as added by Act Aug. 28, 1935, § 6 (11 U.S.C.A. § 203 (s).

December 16, 1935, the court entered the usual order (paragraph (2) of subdivision (s), § 75 (11 U.S.C.A. § 203 (s) (2), staying all proceedings, etc., against the debtor or his property for three years, and permitting him to retain possession of his farm during said period, provided he pay an annual rent of $4,100. Thereafter, and on December 19 and 28, 1936, petitions were filed by a secured and an unsecured creditor, respectively, alleging the rent had not been paid within the time fixed, and that the debtor had wholly failed to comply with the order of the court or the provisions of subdivision (s) of section 75, and praying for the appointment of a trustee and sale of the property in accordance with the last sentence of (3) of (s), 11 U.S.C.A. § 203 (s) (3).

The debtor admitted the failure to pay the rent and on December 31, 1936, a trustee was appointed and on January 25, 1937, ordered to sell the debtor's equity in the real and personal property. The real property

938

was duly sold for $550 and the sale confirmed by the court April 2, 1937.

The debtor petitioner contends that the provision of paragraph (3) of subdivision (s), giving a debtor 90 days to redeem property sold "at such sale" gives him the right to redeem. The section in question, among other things, provides for sales under two different sets of circumstances.

(1) After appraisal, upon request in writing of a secured creditor the court shall order the property upon which such creditor has a lien to be sold at public auction. The debtor is given 90 days to redeem any property sold "at such sale" by paying the amount for which the property was sold, plus 5 per cent.

(2) "If, however, the debtor at any time fails to comply with the provisions of this section, or with any orders of the court made pursuant to this section, or is unable to refinance himself within three years, the court may order the appointment of a trustee, and order the property sold or otherwise disposed of as provided for in this title."

This is the provision under which this sale took place, so we turn to section 70c of the Bankruptcy Act (11, § 110, U.S.Code, subdivision (c), 11 U.S.C.A. § 110 (c), providing that property of a bankrupt estate, when sold, shall be conveyed to the purchaser by the trustee.

▮ Neither in this section nor elsewhere in the Bankruptcy Act, with the exception noted, is there any right of redemption granted. A trustee's sale in bankruptcy is a judicial sale (Remington on Bankruptcy, § 2552), without right of redemption. Chicago Sav. Bank & Trust Co. v. Coleman, 283 Ill. 611, 119 N.E. 587; In re Novak (D.C.), 111 F. 978. Redemption statutes, generally speaking, apply only to sales on execution, foreclosure, etc. The right to redeem was not known to the common law, and today is a creature of statute only, so is not an incident of a sale of real property, judicial or otherwise, unless specifically provided for. So it follows that the 90-day redemption granted by (s) of section 75 is an exception, limited to the particular sale it is a part of.

There is nothing in the opinion in Wright v. Vinton Branch of Mountain Trust Bank of Roanoke, Virginia, 57 S.Ct. 556, 81 L.Ed. ——, March 29, 1937, upholding the constitutionality of the amended Frazier-Lemke Act, applicable to this situation.