**FEDERAL LAND BANK OF BERKELEY et al. v. NALDER.**

**THE FEDERAL LAND BANK OF BERKELEY v. SPARKS.**

Nos. 2230, 2231.

Circuit Court of Appeals, Tenth Circuit.

Jan. 2, 1941.

Richard W. Young, of Berkeley, Cal. (Richards & Mitchell, of Salt Lake City, Utah, on the brief), for appellants.

J. D. Skeen, of Salt Lake City, Utah, for appellees.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

Hacel W. Nalder and William Sparks, Jr., each filed a petition for debtor's relief under § 75, subs. a–r of the Bankruptcy Act, 11 U.S.C.A. § 203, subs. a–n. Thereafter, each filed an amended petition asking to be adjudged a bankrupt under § 75, sub. s of the Bankruptcy Act and each was duly adjudged a bankrupt.

No. 2230.

In this cause an appraisal was duly made of all the property of the debtor and the appraisers' report was filed on April 26, 1939. On April 21, 1939, the Conciliation Commissioner entered an order setting aside to the debtor his unencumbered, exempt property and fixing the rental of the encumbered property to be retained by the debtor, under the supervision and control of the court, at $950 per annum. The debtor has wholly failed and refused to pay the rental fixed by the order of the Conciliation Commissioner.

On May 23, 1940, the Federal Land Bank of Berkeley [1] and the Federal Farm Mortgage Corporation, [2] holders of debts secured by real estate mortgages on property, the possession of which was retained by the debtor, petitioned the court for the appointment of a trustee and for an order directing that the mortgaged premises be sold or otherwise disposed of as provided in the last sentence of § 75, sub. s (3) of the Bankruptcy Act. After a hearing, the court appointed a trustee and ordered that the property be sold or otherwise disposed of as provided by § 75, sub. s (3) of the Bankruptcy Act. The trustee filed a report in which he valued the mortgaged premises at $7,066 and stated that it was encumbered by a mortgage to the Land Bank, securing a note on which there was due as of May 13, 1940, $3,744.34, and a mortgage to the Mortgage Corporation securing a note on which there was due as of May 13, 1940, $3,259.83. The trustee recommended that the property be abandoned as burdensome.

No. 2231.

In this cause an appraisal was duly made of all the property of the debtor and the appraisers' report was filed on July 27, 1938. On August 19, 1938, the Conciliation Commissioner entered an order setting aside to the debtor his unencumbered, exempt property and fixing the rental of the encumbered property to be retained by the debtor, under the supervision and control of the court, at $750 per annum. The debtor has wholly failed and refused to pay the rental fixed by the order of the Conciliation Commissioner.

On May 24, 1940, the Land Bank, the holder of debts secured by mortgages on real estate, the possession of which was retained by the debtor, filed its petition for the appointment of a trustee and for an order directing that the mortgaged premises be sold or otherwise disposed of in accordance with the last sentence of § 75, sub. s (3) of the Bankruptcy Act.

After a hearing, the court appointed a trustee and ordered that the property be sold or otherwise disposed of as provided by § 75, sub. s (3) of the Bankruptcy Act.

The trustee filed a report in which he divided the mortgaged premises into three farms. With respect to farm No. 1, he reported that it was encumbered by a mortgage to the Land Bank securing a note upon which there was due as of May 17, 1940, $4,779.18 and that the mortgage indebtedness was in excess of the value of the farm. With respect to farms Nos. 2 and 3, he reported that they had an aggregate value of $12,000, and that they were encumbered by a mortgage to the Land Bank securing a note upon which there was due as of May 17, 1940, $11,325.04.

It does not appear that either debtor has requested a reappraisal or paid or offered to pay into court the amount of the appraisal of the property of which he retains pos-

---

[1] Hereinafter referred to as the Land Bank.

[2] Hereinafter referred to as the Mortgage Corporation.

session, or requested the opportunity so to do.

At the hearings on the reports of the trustees, the, Land Bank and the Mortgage Corporation moved that the mortgaged premises be abandoned by the trustees as burdensome property. The trial judge was of the opinion that the trustee's sale provided for in the last sentence of § 75, sub. s (3) of the Bankruptcy Act must be a public sale, subject to redemption, in accordance with the prior provisions of § 75, sub. s (3) covering a public sale upon request in writing by a secured creditor. Accordingly, he denied the motions and in each case ordered that the mortgaged premises be sold by the trustee at public auction, subject to redemption by the debtor within 90 days from date of sale by paying into the court the amount bid, with interest at five per cent per annum.

From the order in No. 2230, the Land Bank and Mortgage Corporation have appealed, and from the order in No. 2231, the Land Bank has appealed.

■ Section 75, sub. s (3), 11 U.S.C.A. § 203, sub. s (3), of the Bankruptcy Act reads as follows: "At the end of three years, or prior thereto, the debtor may pay into court the amount of the appraisal of the property of which he retains possession, including the amount of encumbrances on his exemptions, up to the amount of the appraisal, less the amount paid on principal: *Provided,* That upon request of any secured or unsecured creditor, or upon request of the debtor, the court shall cause a reappraisal of the debtor's property, or in its discretion set a date for hearing, and after such hearing, fix the value of the property, in accordance with the evidence submitted, and the debtor shall then pay the value so arrived at into court, less payments made on the principal, for distribution to all secured and unsecured creditors, as their interests may appear, and thereupon the court shall, by an order, turn over full possession and title of said property, free and clear of encumbrances to the debtor: *Provided,* That upon request in writing by any secured creditor or creditors, the court shall order the property upon which such secured creditors have a lien to be sold at public auction. The debtor shall have ninety days

to redeem any property sold at such sale, by paying the amount for which any such property was sold, together with 5 per centum per annum interest, into court, and he may apply for his discharge, as provided for by this Act [title]. If, however, the debtor at any time fails to comply with the provisions of this section, or with any orders of the court made pursuant to this section, or is unable to refinance himself within three years, the court may order the appointment of a trustee, and order the property sold or otherwise disposed of as provided for in this Act [title]."

It will be observed that after employing the phrase "this section" in two instances in the last sentence of § 75, sub. s (3), Congress directed that the sale or disposition be made "as provided for in this *Act* [title]." (Italics ours.) Had Congress intended that such sale or disposition should be made in accordance with the provisions of § 75, sub. s (3), rather than the general provisions of the Bankruptcy Act, we think it would have used the word "section" instead of "act."

■ Section 75, sub. n of the Bankruptcy Act provides that in proceedings under § 75, except as otherwise provided therein, the jurisdiction and powers of the district courts and of the appellate courts and of bankruptcy officials and the rights and liabilities of creditors with respect to the property of the debtor shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition, asking to be adjudged a bankrupt was filed.

It seems clear that although rehabilitation under the provisions of § 75, sub. s has failed, the debtor remains a bankrupt and his estate is to be administered and his debts discharged as in other cases of voluntary bankruptcy.[3]

That portion of § 75, sub. s (1) (2) (3) up to the last sentence of § 75, sub. s (3) looks to the rehabilitation of the debtor, and contemplates the restoration to the debtor of his property freed of liens, through compliance with the provisions thereof. On the other hand, the last sentence of § 75, sub. s (3) provides in the alternative, where efforts of financial rehabilitation have

---

[3] Bartels v. John Hancock Mutual Life Ins. Co., 5 Cir., 100 F.2d 813, affirmed 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. 176;

Remington on Bankruptcy, Vol. 10, § 4038.

failed, for a liquidation of the debtor's estate.

■ The provision for a sale subject to redemption within 90 days is the alternative to the payment by the debtor into court of the appraised value of his property or the value thereof fixed by the court after a hearing. It is a part of the statutory process for rehabilitation. It is a right accorded the debtor when the secured creditor requests a sale at public auction after the debtor has paid into court the amount of the appraisal, or the reappraisal, or the amount fixed by the court as the value of the property, pursuant to § 75, sub. s (3). We do not think the Congress intended to accord the debtor the right to redemption from the trustee's sale when he has failed to pay or offer to pay the appraised value or fixed value and has failed to comply with the provisions of the section or with the orders of the court made pursuant thereto.[4] However, violation of the provisions of the section or orders of the court made pursuant thereto does not deprive the bankrupt of the right to have the property appraised, reappraised, or its value fixed by the court and to acquire the property free and clear of encumbrances by paying into court the amount of the appraisal of the property. Before a sale or other disposition should be ordered under the last sentence of § 75, sub. s (3), the court, if so requested, should accord that right to the bankrupt. See Wright v. Union Central Life Ins. Co., 61 S.Ct. 196, 85 L.Ed. ——, decided December 9, 1940.

Section 70, sub. b, 11 U.S.C.A. § 110, sub. b, makes provision for the sale of real property of the bankrupt. Under such a sale the bankrupt has no right of redemption.[5]

■ The trustee may decline to accept, or may abandon, property that is burden-some because encumbered with liens in excess of its value.[6]

■ Bankruptcy courts should not administer properties encumbered by undisputed liens, unless there is a reasonable probability that there will be a surplus over the encumbrances for unsecured creditors.[7]

We conclude that by the phrase "order the property sold or otherwise disposed of as provided for in this Act [title]," Congress intended to direct a sale pursuant to the provisions of § 70, sub. b, supra, or an abandonment by the trustee of the property as burdensome.

■ Before ordering a sale or abandonment of the property, the court, if so requested, should first accord the debtor an opportunity to acquire the property free and clear of encumbrances by paying into court the amount of the appraisal of the property or of a reappraisal thereof or the value thereof fixed by the court in accordance with the provisions of § 75, sub. s (3). If the debtor requests an opportunity to exercise that right, the court should fix and accord the debtor a reasonable time within which to pay the proper amount into court.

■ If the debtor fails to avail himself of that right, the trial court should then determine whether there is a reasonable probability of realizing from the sale of the property any surplus over the encumbrances for the benefit of general creditors or the bankrupt. In the event it finds there is such a probability, it should order a sale pursuant to the provisions of § 70, sub. b without right of redemption. In the event it finds there is not such a probability, it should order the property abandoned by the trustee as burdensome.

The order in each case is reversed and remanded with instructions to proceed further in accordance with this opinion.

---

4 While the opinion In re Monjon, 7 Cir., 113 F.2d 535, contains language indicating that the sale should be subject to redemption, no trustee had been appointed and a construction of the last sentence of § 75, sub. s (3) was not before the court.

5 In re Chilton, D.C.Colo., 18 F.Supp. 937, 938.

6 Remington on Bankruptcy, Vol. 2, § 1142; Kimmel v. Crocker, 10 Cir., 72 F.2d 599; Quinn v. Gardner, 8 Cir., 32 F.2d 772; In re Jersey Island Packing Co., 9 Cir., 138 F. 625, 2 L.R.A.,N.S., 560.

7 Kimmel v. Crocker, 10 Cir., 72 F.2d 599, 601; First Nat. Bank of Ardmore, Okl., v. Bonner, 10 Cir., 74 F.2d 139, 141.