Mr. Justice McLEAN
 

 delivered the opinion of the court.
 

 This action was brought in the Southern District of -Mississippi, to try the right, of property which had been levied on. The plaintiffs showed g judgment of the Circuit Court, entered the first Monday of November, 1839, for $ 3,716.43, with interest, &c., against one J. J. Chewning and others, on which an execution had been issued 1 and levied upon, certain slaves claimed by A. C. Downs. At the time, of the levy, the property was in possession of the defendant Chewning. Downs produced- a mprtgage on the slaves, executed by. said Chew-ning, and regularly recorded, in favor of the “ Commercial Railroad Bank of Vicksburg,” to show a title in the bank adverse to the right of the plaintiffs. This-mortgage bears date subsequent to. that of the judgment.
 

 On these facts,. the. court were requested by plaintiffs to charge
 
 *765
 
 the jury “to disregard the mortgage, because of the paramount right of the plain tiffsRo have execution of their judgment by means of said levy, although no abstract or brief of the judgment had been recorded or enrolled in the county where the property was situated.” And on this prayer for instruction, to the jury, the opinions of the judges were opposed; and, at the request of the counsel on both sides, the point was certified to this court.
 

 By the first section of the act of Mississippi of February 6th, 18.41, it' is provided that “all judgments and decrees of any circuit, district, or superior court of law or equity, holden within this State, -shall operate as liens from the date of their rendition upon the property of the debtor, being within the county in which the sitting of such court may be holden, and not elsewhere, unless upon compliance with the conditions hereinafter enacted.”
 

 By the second section, — “ That any judgment or decree heretofore rendered shall, be a lien from the date of its rendition upon the property of the debtor, situated in any other county than that in which the same was rendered; on condition, that an abstract thereof, on or before the first day of July next, be filed in the office of the Circuit Court of the county in which said property may be situate, in pursuance of the subsequent section of this act.”
 

 The third section provides, that where an abstract of a judgment or decree is filed in the office of the clerk
 
 of
 
 the Circuit Court, which it is made his duty to record, it shall be a lien on the property of the defendant within the county from the time 1 uf such filing.
 

 The judgment under which the levy was made was rendered more than a'year before the above act was passed.
 

 Prior to the act of 1824, there was 'no statutory lien of a judgment in Mississippi. A lien was created in that State, as in England, by the delivéry of the execution to the sheriff. The Stat. of Westm. 2, or 13 Ed. I., ch. 18, gave the elegit which subjected real estate to the payment of debts, and this, as a consequence,, it has always been held, gave a lien on^-fchc lands of the judgment debtor. 3 Salk. 212; 1 Wils. 39.
 

 “There is no statute in Virginia which, in express terms, makes a judgment a lien upon the lands
 
 of
 
 the, debtor. As in England, the lien is the consequence of a right to take out an elegit.” United States
 
 v.
 
 Morrison, 4 Pet. 136, And in The Bank of the United States
 
 v.
 
 Wooster, 2 Brock. 262, the chief justice says, “ The - lien depends dá the right to sue out an elegit.”
 

 The same doctrine was held'by, the Supreme Court of In
 
 *766
 
 diana before the act of 1818 of that State, which gavé alien on the real estate of the defendant by the judgment. Ridge
 
 v.
 
 Prather, TBlackf. .401.
 

 In North Carolina, the lien on lands is created by the delivery of the execution to the sheriff, there being no statute in that State on the subject. And in other States of the Union,'the same principle has been long established.
 

 Now in all these cases the lien arises from, the power to issue process. to subject real estate to the payment of the judgment, either by an extension or sale. In Maryland, this rule has been extended by long usage, so that a lien is created by the judgment without execution. Tayloe
 
 v.
 
 Thompson, 5 Peters, 369.
 

 The Circuit Courts of the United States exercise jurisdiction coextensive with their respective districts. And it has never been supposed, that, by the. process act of 19th February, 1828, which adopted the process and modes of proceeding of the State courts, the jurisdiction of the Circuit Courts was restricted. The
 
 “
 
 process and modes of proceeding ” in the State were adopted by Congress in reference to the jurisdiction of the Circuit Courts, arid not with the view of limiting the jurisdiction of those courts.
 

 In those States where .the judgment on the execution of a. State court creates a lien only within the .county in 'which the judgment is entered, it has not been doubted that a similar proceeding in the Circuit Court of the United States would create a lier\ to the extent of its jurisdiction. This has been the practical construction of the power of the courts of the United States, whether the lien was held to be created by the issuing .of process or by express'statute. Any other construction would materially affect, and in some degree subvert, the judicial power of the Union. It would place suitors in the State courts in a much better condition than in the federal courts.
 

 That by-the course of practice in Mississippi the lien of a judgment in the Circuit Court extended throughout the district, prior to the act of 1841, is not controverted. And the question is, whether that act can impair or affect in any respect a judgment rendered, in the federal court before its passage. The point certified does not require us to consider whether the law can operate on judgment liens entered subsequent- to its date. The plaintiffs in the above judgment acquired a right under the authority of the United States, and that right may be protected from any judgment of the Supreme Court of the State which shall impair it, under the twenty-fifth section of the Judiciary Act. .
 

 
 *767
 
 It is contended that the lien in Mississippi exists by the statute of the State, and that under the thirty-fourth section of the Judiciary Act of 1789, it is a rule of property, and that it is consequently a rule of decision for the courts of the United States, and that the process act of 1828 has no bearing upon the question.
 

 The above section provides that “the laws of the several States, except where the Constitution,. treaties, or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decisions in trials at common law, in the .courts of the United States, in cases where they apply.”
 

 No State statute is of more frequent application in the federal courts than the above section; and it has often been held that the settled construction of a State, statute by its supreme court is considered as a part of the statute. And the statute, as thus expounded, is regarded as a rule of'decision in the courts of the United States where it applies, “ except where the Constitution or acts' of Congress otherwise provide.”
 

 The' thirty-fpurth section has never been considered as an act to regulate process. And it is argued that a statutory lien, being a rule of property, is applied to judgments in the Circuit Courts, under this section, without being influenced, in any degree, by the process act.
 

 We have seen that, where there is no statutory lien, it is created by issuing and delivering to the sheriff an execution, which authorizes the sale or extension of the real estate of the defendant. In those States, it is the process authorized by the judgment which creates the lien; and in such cases we necessarily look to the nature of .the process, and the extent of its opération, to determine the lien. It must act upon the land of the defendant, and consequently the land must, lie within the jurisdiction of the court.
 

 What is a judgment lien ? In the argument, it was compared to a mortgage. “ A mortgage is often called a lien for a debt, but it is something more. It is a transfer of the property itself as security for the debt. . This is true in law and in equity. ” Conard
 
 v.
 
 The Atlantic Insurance Company, Peters, 441. A judgment lien on land constitutes no property or right in the land itself.
 
 “
 
 It only confers a right to levy on the same, to the exclusion of other adverse interests subsequent to the judgment; and when the levy is actually made on the same, the title • of the creditor for this purpose relates back to the time of the judgment, to cut but intermediate encumbrances. ” Subject to this charge, the defendant may convey the land; “ A judgment creditor has no
 
 jus in
 
 re, .but
 
 *768
 
 a mere power.to make his general lien effectual, by following up the'steps of the law.” What law? The law which authorizes the judgment, and the issuing of the. process through which means the judgment may be satisfied. A failure to do this releases the charge on the property. Ib. .
 

 The lien,, if not an effect of the judgment, is inseparably connected with it. And this is the case, whether the lien was created by the judgment and. execution, or. by statute. And. in either casé, where the. right has attached in the courts of the United States, a State has no power, by legislation or otherwise, to modify or impair it. Retrospective. laws of a remedial character may be passed; but no legislative act can change the rights and liabilities of parties, which have been, established by a solemn judgment.
 

 This court therefore direct that it be certified to the Circuit Court, that the right of lien claimed by the plaintiffs under the' judgment is paramount to that of the defendant claimed under the mortgage.
 

 Order.
 

 This cause came on to be .heard on the transcript of the record from the Circuit Court of the United States for the Southern District of Mississippi, and on the point or question on which the judges of the' said Circuit Court were opposed in opinion, and which was certified to this court for its opinion, agreeably to the act of Congress in such case made and provided, and was argued by counsel. . On consideration whereof, it is the opinion of this court, that'the right of lien claimed by the. plaintiffs under the judgment is paramount to that of the defendant claimed under the mortgage; whereupon it is now here ordered and adjudged by this court, that it be so certified to the said Circuit Court.