Mr. Chief Justice Sharkey
delivered the opinion of the court.
The contest in this case grows out of a motion made by the sheriff, for directions in appropriating money collected by sale under execution. The sale was made under the execution of the appellee, that being the only one the sheriff had in his hands. But the appellants claimed the money under an older *684 judgment, rendered in the United States court, which was also first enrolled. There were several other judgments enrolled, older than either of these, but they had ceased to be liens, under the act of 1844, which limits the liens of judgments, rendered prior to the passage of the act, to two years.
The question is, whether the sheriff is bound to appropriate money to an older judgment rendered in the United States court, which has been properly enrolled. We have heretofore decided, that the liens of judgments in the United States court and the state court stand upon the same footing.. Tarpley v. Hamer, 9 S. & M. 310. The supreme court of the United States has decided otherwise in Massingill v. Downs, 7 How. 760. For the present we shall make no comments on that decision, but adhere to our own. The 9th section of the act of 1844, makes it the duty of the sheriff, after he has sold property under execution, to examine the judgment roll, and pay the money on the oldest lien, and so return on the execution under which he sold. He must make this appropriation, notwithstanding he may have no execution in his hands on the older judgment. The law has provided the means of ascertaining the priority of liens, and makes the appropriation according to priority. It may seem to be an awkward matter to require the sheriff to appropriate money in satisfaction of an execution in the hands of the marshal, but we cannot limit an act which seems to have but one plain meaning. A sale of the property vests a title in the purchaser, and cuts out prior liens, and this is the mode taken to protect them. Were we to follow the decision in the case of Massingill v. Downs, perhaps we might come to a different conclusion.
Judgment reversed.
A re-argument was applied for, but not granted.