MYERS v. SWIFT. See Case No. 9,991.

## Case No. 9,995.

### MYERS v. TYSON et al.

[13 Blatchf. 242.] [1]

Circuit Court, S. D. New York. Jan. 15, 1876.

JUDGMENT—LIEN ON REALTY — NEW YORK STATUTE—DISCRETIONARY POWER OF STATE COURT.

Under section 967 of the Revised Statutes of the United States, which provides, that "judgments and decrees rendered in a circuit or district court, within any state, shall cease to be liens on real estate or chattels real, in the same manner and at like periods as judgments and decrees of the courts of such state cease, by law, to be liens thereon," the courts of the United States, in the state of New York, are not vested with the discretionary power which the state courts of New York have, under section 282 of the Code of Procedure of New York, to order real property bound by the lien of a judgment to be exempted from such lien, in certain cases, during the pendency of an appeal from such judgment.

[Cited in U. S. v. Sturgis, 14 Fed. 811.]

[This was a suit by Margaret Myers against William P. Tyson and Martin Murphy. It is now heard upon application of defendant Tyson for suspension of lien of decree entered upon real estate.]

Frederic H. Betts, for plaintiff.

Samuel J. Glassey, for defendant.

JOHNSON, Circuit Judge. This is an application for an order to suspend the lien of a decree of this court in equity upon all the real estate of the defendant Tyson. It is founded upon the claim, that the provision of the New York Code (section 282) applies, by force of the statute presently to be mentioned, to the lien of the judgment in question. If that claim is well founded, then it would rest in the discretion of the court, in view of all the facts, to grant or deny the order asked for. Section 967 of the Revised Statutes of the United States is as follows: "Judgments and decrees rendered in a circuit or district court, within any state, shall cease to be liens on real estate or chattels real, in the same manner and at like periods as judgments and decrees of the courts of such states cease, by law, to be liens thereon." This section is a re-enactment of part of section 4 of the act of July 4th, 1840 (5 Stat. 393), and which differs from it only by the word "now," and reads "now cease, by law, to be liens thereon." The state law, as it existed in 1840, was that, therefore, which was adopted by the statute of the United States of that year. At that time, no statute of New York gave to a party a right, on giving security on appeal, to apply for a suspension of the lien of a judgment against him. That right was given by an act of 1851, for the first time, which made it discretionary with the court to suspend the lien. The phrase of the act of 1840, re-enacted in section 967 of the Revised Statutes, was not

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

intended to cover such a case, so far as this state is concerned, when it was adopted. Nor does it appear to me that the alteration of the statute, by re-enacting it, omitting the word "now," has the effect of introducing into the law of the United States, in this state, this particular provision. The lien, according to the section of the Code before referred to, is suspended during the appeal, but does not cease. It is suspended not by law, but by the discretion of the court. The words "by law," in section 967, are emphatic, and refer, in my judgment, to a fixed rule in respect to time and manner, and not to a discretionary power vested by statute in a state court. The section of the Code (section 282) is: "Whenever an appeal from any judgment shall be pending, and the undertaking requisite to stay execution on such judgment shall have been given, the court in which such judgment was recovered may, on special motion, after notice to the person owning such judgment, or to his attorney, and to the sureties to such undertaking, on such terms as such court shall see fit, by order, exempt from the lien of such judgment the whole of the real property upon which said judgment is a lien, or a specific portion thereof, to be described in such order, and direct an entry to be made by the clerk on the docket of such judgment, that the same is 'secured on appeal,' except that in case only a specific portion of such property is exempted from such lien, such order shall direct an entry to be made on such docket, that the same is 'secured on appeal, as per order of the court, dated ——,' specifying the date of such order, and thereupon such judgment shall cease, during the pendency of such appeal, to be a lien upon the property so exempted, as against purchasers and mortgagees in good faith." This vests a discretionary power in the state court to order the whole or a part of the real property bound by a judgment, to be exempted from its lien, during the pendency of the appeal, in favor of purchasers and mortgagees in good faith. It does not, in my opinion, come within the meaning of section 967 of the Revised Statutes, and the courts of the United States do not, under that section, take, in this state, the discretionary power conferred upon the state courts in respect to their own judgments.

The motion must be denied.