UNITED STATES *v.* STURGIS and another.

*(District Court, S. D. New York. January 27, 1883.)*

LIEN OF JUDGMENT—SUSPENSION OF LIEN—STATE PRACTICE—MODIFICATION.

   Under sections 914, 915, and 916 of the Revised Statutes, in common-law actions the district court has power to suspend the lien of a judgment upon lands of the judgment debtor during appeal or writ of error, and to cause the docket of the judgment to be so marked, in accordance with the provisions of the state practice. The lien of a judgment upon lands of a judgment debtor, depending upon the state statutes and practice as adopted under the United States laws, may be modified or suspended in accordance with the state practice, in the discretion of the court.

*E. B. Hill,* Asst. Dist. Atty., for the United States.

*Thos. Harland,* for defendants.

BROWN, D. J. A judgment having been recovered in the above action in favor of the plaintiff, and a writ of error having been

taken therefrom to the circuit court, and due security given for the payment of the judgment, if affirmed, application is now made for an order of this court suspending the lien of the judgment of this court upon the lands of the judgment debtors during the pendency of the appeal, and that the docket be so marked, in accordance with the provisions of section 1256 of the New York Code of Procedure. The attorneys on both sides and the sureties have consented, in writing, to the entry of such an order; but if the court has no power to make such an order, it should not be signed, even upon consent; for, if void, it might greatly injure third persons who might rely upon and be misled by it.

In the case of *Meyers* v. *Tyson*, 13 Blatchf. 242, it was held that the court had no power to make such an order. But that was the case of a decree in equity, and not of a judgment in a common-law action.

From the opinion in the case of *Masingill* v. *Downs*, 7 How. 760, and the review of the authorities therein, it seems that the lien of the judgment upon the lands of the judgment debtor, in the absence of any express statute of the United States creating such a lien, is sustained as a necessary incident of the right to issue execution and sell lands thereunder, in accordance with the laws and the practice of the several states, and the various statutes of the United States adopting those laws, and the process and modes of proceedings in the several states.

In *Wayman* v. *Southard*, 10 Wheat. 32, MARSHALL, C. J., says that the phrase "forms and modes of proceedings" in the act of 1792, the same phrase which is used in section 914 of the Revised Statutes, is designedly used in distinction from the words "writs, executions, and other process;" and that it "embraces the whole progress of the suit, and every transaction in it, from its commencement to its termination, which has already been shown not to take place till the judgment shall be satisfied." See, also, *Beers* v. *Haughton*, 9 Pet. 359, and *Ex parte Boyd*, 105 U. S. 647.

When, therefore, by sections 914, 915, and 916 of the Revised Statutes, it is provided that the practice, pleadings, "the forms and modes of proceedings" in common-law actions, the remedies by attachment or other process as well as "the remedies by execution or *otherwise*, upon judgments in common-law actions, shall be the same as are now provided in like causes by the laws of the state in which the court is held, or by such laws hereinafter enacted which may be

adopted by general rule of the circuit and district courts," it seems to me that the modification or the suspension of a judgment lien during appeal must be held to be embraced within the scope of these general provisions, not only as a "mode of proceeding" in the suit, but as one of the means of making the judgment effectual—that is, as a part of the, remedy thereon—by "execution or *otherwise*," and therefore subject to the discretionary power of the judges of the district and circuit courts in common-law actions to grant an order suspending the lien during appeal, in accordance with the state practice. If the lien had any other foundation than the laws and practice of the states themselves, it might be different; but as that is its foundation, it must be subject to such changes, modifications, and discretionary powers as are from time to time made or conferred by the laws and practice of the several states, when these are adopted by rule under sections 914 and 916.

In December, 1881, this court and the circuit court, by general rules, adopted all the provisions of the state practice and of the Code of Procedure in existence on that date, so far as the same might be applicable in common-law actions to remedies or judgments, and they thereupon became the law of this court. 19 Blatchf. 573; *Beers* v. *Haughton*, 9 Pet. 360; *Bank of U. S.* v. *Halsted*, 10 Wheat. 51, 61.

The present application is in pursuance of section 1256 of the New York Code as then existing. The relief provided by this section is of great practical benefit. Without it, judgments during appeal, though fully secured, are liable to become oppressive embarrassments in transactions in real estate. The remedy has been carefully matured in the state practice, so as to guard against abuses, by the experience of many years, and by legislative amendments. The order seems to me to be within the power of this court to grant, under the statutes and rules above referred to; and, being consented to, it should, therefore, be granted.