GERMAN NATIONAL BANK OF BEATRICE ET AL. V. J. S. ATHERTON.

FILED MAY 8, 1902. No. 11,723.

Commissioner's opinion, Department No. 1.

1. **Judgment Lien:** INDEX: SEARCH: METZ V. BANK. A judgment which is valid as soon as rendered does not become a lien upon real estate, as against a subsequent purchaser without notice, until properly indexed, and a purchaser need not search for judgment liens further than to examine the proper index. *Metz v. State Bank of Brownville*, 7 Nebr., 165, followed.

2. **Admission of Fact:** MISAPPREHENSION. When an admission of fact is made by counsel upon the trial under a misapprehension, the court should, in the exercise of a wise discretion, relieve against it.

3. **Evidence.** Evidence examined, and *held* to support the finding of the court both as to diligence on the former trial and the sufficiency of the defense presented at the second one.

ERROR from the district court for Gage county. Tried below before LETTON, J. *Affirmed.*

*Ernest O. Kretsinger,* for plaintiffs in error.

*A. H. Babcock, Samuel Rinaker* and *R. S. Bibb, contra.*

DAY, C.

This is a proceeding in error from the judgment of the district court for Gage county granting a new trial at a term subsequent to the rendition of the judgment, on account of newly-discovered evidence, in an action wherein John S. Atherton is plaintiff and the German National Bank et al. are defendants. The facts necessary to an understanding of the questions presented by the record are substantially as follows: On February 11, 1893, the German National Bank recovered a judgment in the district court of Gage county against C. L. Schell for $2,636, which judgment was duly entered upon the court journal. At that date the said Schell was the owner in fee of lots 11

and 12, in block 92 in the city of Beatrice, Gage county. On May 10, 1893, Schell and his wife conveyed the said lots by warranty deed to William H. Cramer, and on the same day Cramer and wife conveyed the premises to Emeline A. Schell. On May 15, 1895, Emeline A. Schell and husband conveyed the south sixty feet of said lots to M. A. Atherton for the named consideration of $350, the actual consideration for the transfer being somewhat less. A short time thereafter the said premises were conveyed to R. D. Kiplinger, and by him deeded to John S. Atherton, the plaintiff. All of the above-mentioned deeds were duly recorded in the office of the register of deeds of Gage county. After acquiring the title to said premises, Atherton erected buildings thereon, and otherwise improved the property. One of the witnesses fixed the value of·the improvements thus made at $2,000. On July 16, 1898, the German National Bank caused an execution to be issued upon its judgment against Schell, and placed the same in the hands of the sheriff, who levied upon the whole of said lots 11 and 12 as the property of C. L. Schell, and was proceeding to advertise and sell the same to satisfy the execution. Before the sale was made John S. Atherton filed a petition praying for a writ of injunction against the German National Bank and the sheriff to prevent them from selling the south sixty feet of said lots to satisfy the judgment. Upon the trial of this cause the court found in favor of the defendants, and dismissed the plaintiff's cause of action. After the adjournment of the term at which this judgment was rendered, the plaintiff filed a petition for a new trial under the provisions of section 318 of the Code of Civil Procedure, alleging as a basis therefor newly-discovered evidence. Upon a hearing upon this latter motion the court vacated its former judgment and granted a new trial. To review this judgment granting a new trial, the defendants have brought the case to this court by proceedings in error.

The newly-discovered evidence which forms the basis of the plaintiff's application for a new trial, was evidence

establishing the fact that the bank's judgment against
Schell was never entered upon the index record, as re-
quired by law, until April, 1894, and long after Schell had
parted with the title to said lots. From this it is argued
that the lien of the bank's judgment never attached to these
lots. The testimony shows that the entry of this judgment
in the index record had been interlined. When this was
done does not appear with certainty, but that it was long
after Schell had parted with his title to the lots appears
beyond question. It was probably entered some time in
April, 1894. The testimony also shows that Atherton was,
a bona-fide purchaser without notice of the bank's judg-
ment. Under these facts it seems clear that the bank's
judgment against Schell did not become a lien upon these
lots so as to affect the rights of the plaintiff. In *Metz v.
State Bank of Brownville,* 7 Nebr., 165, it is said that "A
judgment which is valid as soon as rendered, does not be-
come a lien upon real estate as against a subsequent pur-
chaser, without notice, until properly indexed, and a pur-
chaser need not search for judgment liens further than to
examine the proper index." It was also held that, in addi-
tion to the general index provided for by statute, in which
the names of the parties to an action, both direct and in-
verse, shall be entered, the judgment record must also
contain the names of the judgment debtor and the judg-
ment creditor, arranged alphabetically.

It is urged by counsel for the defendants that certain
admissions made by the attorney for the plaintiff upon
the first trial are binding and conclusive upon plaintiff
throughout all stages of the case, and that he is precluded
from denying the truthfulness of such admissions thus
solemnly made. Upon the first trial counsel for plaintiff
admitted, and the admission became a part of the record,
that the bank recovered a judgment against Schell on Feb-
ruary 11, 1893, for $2,636, and that said judgment was en-
tered of record on said day in the office of the clerk of
the district court of Gage county, and properly journal-
ized; that the date and amount of said judgment and the

amount of costs, with the judgment debtor and judgment creditor arranged in alphabetical order, were entered and indexed upon the judgment index of said court on February 11, 1893. It appears to our entire satisfaction that the admission with respect to the indexing of the judgment on February 11, 1893, was made under a misapprehension of the real facts. The index record contained no data from which it could be ascertained when the record was in fact made. True, it showed the interlineation, which was a circumstance which might well have aroused suspicion as to the time of its entry, and did prompt the attorney to make some inquiry with respect to it; but the interlineation alone was not sufficient to impeach the record. The admission was no more than a waiver of the proof which the introduction of the record would have shown. Had the record itself been introduced, and afterwards it was discovered that the entries had not been made at the time purported by it, there seems no doubt but that it could be questioned in an action for a new trial such as this is. While it is undoubtedly true, as a general proposition, that admissions of fact made by counsel in the trial of a case are binding upon the party making the admission, the rule should not be carried to the extent of prohibiting the party from withdrawing the admission if no laches appear, when it has been made under a misapprehension of the facts; and an estoppel will not arise by such admission unless others have been induced by it to alter their condition. This principle is stated in Greenleaf, Evidence [15th ed.], sec. 206, as follows: "It is only necessary here to add, that where judicial admissions have been made improvidently and by mistake, the court will, in its discretion, relieve the party from the consequences of his error, by ordering a repleader, or by discharging the case stated or the rule, or agreement, if made in court." The rule is also recognized in *Marsh v. Mitchell,* 26 N. J. Eq., 497, 501; *Holley v. Young,* 68 Me., 215; *Wallace v. Matthews,* 39 Ga., 617, 99 Am. Dec., 473.

It is also argued that the entry of this judgment upon

the judgment index was notice to Atherton of the lien of the defendant's judgment. The fallacy of this contention lies in the fact that the title to these particular lots had passed from Schell before the lien attached. The subsequent placing of the judgment upon the judgment index could not make it a lien upon land which at that time the judgment debtor did not own.

It is next urged that there is not sufficient showing that the newly-discovered evidence might not have been produced upon the trial by the exercise of diligence on the part of plaintiff and his counsel. An examination of the record convinces us that there is not such a lack of diligence shown as would warrant the court in denying a new trial upon that ground. It is a well-settled rule that in cases of this kind the determination of the district court will rarely be interfered with. In *Smith v. Groves*, 24 Nebr., 545, it is said that "diligence, or the want of it, in discovering testimony in a particular case, depends in so great a degree upon the various circumstances concerning the parties, and the conduct of the cause, which are peculiarly within the knowledge of the trial court, that its determination on the matter of granting a new trial, made in view of them, will rarely be disturbed." In the brief of counsel for the defendants other questions are discussed, but they are bottomed upon the assumption that the admissions of the plaintiff upon the first trial are conclusive upon his rights. As we have considered this question, no useful purpose will be subserved in answering the other objections. We have gone over the testimony, and are clearly of the opinion that the plaintiff was not guilty of laches in failure to set up as a defense upon the first trial the facts now urged as a ground for a new trial.

There was no error in granting the plaintiff a new trial, and we therefore recommend that the judgment be affirmed.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.