RATHBONE COMPANY, APPELLEE, v. CURTIS C. KIMBALL, APPELLANT.

FILED JUNE 15, 1928. No. 26550.

*Lester L. Dunn,* for appellant.

*Peterson & Devoe, contra.*

*Herman Aye, amicus curiæ.*

Heard before ROSE, GOOD, THOMPSON, EBERLY and HOW-ELL, JJ., and REDICK, District Judge.

REDICK, District Judge.

This is an action for specific performance of a contract for the sale of real estate under the terms of which the vendor agreed to furnish an abstract of title showing title of record in the grantor, free of incumbrance.

The defendant filed a demurrer to the petition upon the ground that said petition failed to state facts sufficient to constitute a cause of action; demurrer was overruled, and defendant declining to plead further, and electing to stand upon his demurrer, judgment was entered for specific performance, and defendant appeals.

The ground of the demurrer was that the petition failed to allege that the abstract furnished by plaintiff included certificates as to judgment liens against the plaintiff in the records of the federal courts of the several federal divisions in the state of Nebraska, except the division of which Lancaster county, in which the real estate was located, is a part; the defendant claiming that such certificates were necessary in order to show unincumbered title in the plaintiff.

Appellant in his brief states the problem to be solved in the following language:

"The sole issue presented on this appeal is whether federal judgments in the state of Nebraska are a lien on all property of a judgment debtor within the state of Nebraska without the filing of any transcript thereof, or whether federal judgments are a lien without transcript only in the county in which the judgment of the federal court is entered."

The question is important and new in this jurisdiction, and involves construction of the act of congress, August 1, 1888, 25 U. S. St. at Large, ch. 729, p. 357, and sections 8937, 8939, Comp. St. Neb. 1922, and section 8986, as amended by chapter 59, Laws 1927.

Section 1 of the act of congress of August 1, 1888, is as follows: "An act to regulate the liens of judgments and decrees of the courts of the United States.

"Be it enacted by the senate and house of representatives of the United States of America in congress assembled: That judgments and decrees rendered in a circuit or district court of the United States within any state, *shall be liens on property throughout such state in the same manner and to the same extent and under the same conditions only as if such judgments and decrees had been rendered by a court of general jurisdiction of such state*: Provided, that whenever the laws of any state require a judgment or decree of a state court to be registered, recorded, docketed, indexed, or any other thing to be done, in a particular manner, or in a certain office or county, or parish in the state of Louisiana, before a lien shall attach, this act shall be applicable therein whenever and only whenever the laws of such state shall authorize the judgments and decrees of the United States courts to be registered, recorded, docketed, indexed, or otherwise conformed to the rules and requirements relating to the judgments and decrees of the courts of the state."

Section 8986, *supra*, as amended, reads as follows: "The lands and tenements of the debtor within the county where

the judgment is entered, shall be bound for the satisfaction thereof, only from the day on which such judgments are rendered. All other lands, as well as goods and chattels of the debtor, shall be bound from the time they shall be seized in execution: Provided, that a judgment or decree shall be considered as rendered when the court announces its findings of such judgment or decree and enters such finding on the trial docket."

Sections 8937 and 8939 are as follows:

8937. "The transcript of a judgment of any district court in this state may be filed in the office of the clerk of the district court in any county; and such transcript shall be a lien on the property of the debtor in any county in which such transcript is filed in like manner as in the county where such judgment was rendered, and execution may be issued on judgment obtained by such transcript as on the original judgment: Provided, such transcript shall at all times be affected and be in the same plight as the original judgment."

8939. "A transcript of any judgment or decree rendered in a circuit or district court of the United States, within the state of Nebraska, may be filed in the office of the clerk of the district court in any county in this state, and such transcript, when so filed and entered on the judgment record, shall be a lien on the property of the debtor in any county in which such transcript is so filed, in the same manner and under the same conditions only as if such judgment or decree had been rendered by the district court of such county: Provided, such transcript shall at all times be affected and be in the same plight as the original judgment."

It will be observed that by the act of congress above quoted the same was to be in effect only, at least so far as transcripted judgments are concerned, in such states as should pass laws authorizing "the judgments and decrees of the United States courts to be registered, recorded, docketed, indexed, or otherwise conformed to the rules and

requirements relating to the judgments and decrees of the courts of the state." The precise question for determination, then, is whether or not the above quoted laws of Nebraska have provided for liens of judgments rendered in the federal courts of the state in exact conformity with liens of judgments in the state courts, and is separated into two propositions by the briefs, (1) as to liens of judgments in the county where rendered, and (2)) as to such liens where the judgment is transcripted to other counties.

Inasmuch as the objection to the abstract in question relates only to the lien of judgments in counties other than that in which they were rendered, it may not be acutely necessary to consider the first proposition; but, in view of the importance of the question and its somewhat close relationship to the second proposition, we have concluded to discuss it briefly and announce our views upon it. Herman Aye, an attorney of this court, was permitted to file a brief as *amicus curiæ*, and makes the point that under the Nebraska laws as they now stand "a judgment creditor in the federal courts of Nebraska can obtain a lien in the county where the judgment is rendered only by filing a transcript of such judgment in the office of the clerk of the district court for such county, whereas the holder of a judgment in a state court obtains a lien upon the lands of the debtor in the county by mere rendition thereof;" thereby contending that a lack of conformity exists. We are unable to accept this view for the following reasons:

The act of congress antecedent the proviso provides that judgments of federal courts "shall be liens on property throughout such state in the same manner and to the same extent and under the same conditions only as if such judgments and decrees had been rendered by a court of general jurisdiction of such state." This language makes the judgment of the federal court a lien under precisely the same conditions that it would become a lien if rendered in a state court of general· jurisdiction, and, in effect, incorporates in the act of congress the state statute, the same as though it had been therein copied *in extenso*. It is, there-

fore, perfectly clear that the provisions of section 8986, as amended, are by the act of congress made applicable to judgments of the federal courts, which are invested with the same qualities as to their binding effect upon the lands of the debtor as are given to domestic judgments. It is true that federal judgments are not mentioned in the section and that it purports to deal only with judgments of state courts, nevertheless, as above noted, the act of congress incorporates it, and no further legislation is required to make it applicable to federal judgments. The act is broad enough to make it applicable to the state statute existing at the time of the passage of the act, and also to respond to changes or amendments of such statute affecting the judgments of state courts. The act of congress was intended to limit the existing rule when the state passed the statutes referred to *Rhea v. Smith,* 274 U. S. 434. If it be contended that section 8986, as amended, because it did not refer to federal court judgments, was not a compliance with the conditions of the proviso of the act, then the federal act preserved the lien in the county where the judgment is rendered. It cannot be presumed that congress intended to permit the lien of judgments of its courts in the county where rendered to be defeated or destroyed by failure of the state to act. The effect of such failure was to leave the federal act in full force. Assume, if you will, that the state has failed to act with reference to judgments in the county where rendered; nevertheless, the state having made adequate provision, as later shown, for transcripted judgments in other counties, the limitation of the former rule sought to be accomplished is complete *pro tanto.*

Considerable space in the briefs is devoted to the discussion of the repeal by congress of the third section of the act of August 1, 1888, as amended by the act of March 2, 1895, 28 U. S. St. at Large, ch. 180, p. 813, and section 2, ch. 30, Laws Neb. 1889, which were to the effect that nothing in the act should be construed to require the docketing of a judgment of the United States court or the

filing of a transcript thereof in any state office within the same county in which the judgment was rendered; but, in view of our construction of existing statutes, we do not deem it necessary to enter upon this field. We are convinced that the judgments of the federal courts, in the county in which they are rendered, are in precisely the same situation as regards liens upon the property of the judgment debtor as judgments of state courts of general jurisdiction.

As to transcripted judgments, this involves sections 8937 and 8939, as above quoted. Appellant contends that under the first section, by the mere filing of a transcript of a domestic judgment in another county, the same became a lien upon the property of the debtor, while under the second section the transcript of a judgment of the federal court did not become a lien until it was *"filed and entered on the judgment record,"* and that, therefore, there is a lack of that exact conformity required to put into effect the act of congress; the result being, as he contends, that the judgment of the federal court is a lien upon all the lands of the judgment debtor throughout the state, and that, therefore, the abstract in question should contain certificates as to liens from every county in the state; or at least, from the records of the federal courts in each federal judicial district of the state, and *amicus curiæ* makes the same contention. The proposition is of considerable force, and its correctness, in all probability, would have to be conceded if the two sections quoted were the only ones to be considered; but we think counsel have failed to give proper weight to this language in section 8937: "And such transcript shall be a lien on the property of the debtor in any county in which such transcript is filed *in like manner as in the county where such judgment was rendered.*" By this language, to determine the quality of the lien of the judgment, we are compelled to inquire under what conditions a domestic judgment became a lien in the county in which it was rendered. Prior to its amendment, sec-

tion 8986, providing for liens of judgments in the county where rendered, was as follows:

"The lands and tenements of the debtor within the county where the judgment is entered, shall be bound for the satisfaction thereof, from the first day of the term at which judgment is rendered; but judgments by confession, and judgments rendered at the same term at which the action is commenced shall bind such lands only from the day on which such judgments are rendered. All other lands, as well as goods and chattels of the debtor, shall be bound from the time they shall be siezed in execution."

The amendment of 1927 merely changed the date of the incipiency of the lien to the date when rendered, and defined the latter. It did not affect the essential condition requisite to the existence of the lien. Prior to the amendment of 1927 this section had been upon the statute books for over forty years, and in *German Nat. Bank v. Atherton,* 64 Neb. 610, we were called upon to construe it with reference to the operation of a judgment as a lien. In that case a judgment had been duly rendered and spread upon the journal of the court, but not entered upon the judgment index, and it was held that as against a subsequent purchaser the judgment did not become a lien until after it had been properly indexed, following *Metz v. State Bank,* 7 Neb. 165. In those cases attention was called to what is now known as section 9509, Comp. St. 1922, requiring clerks of courts of record to keep a judgment record, and providing:

"The judgment record shall contain the judgment debtor and the judgment creditor, arranged alphabetically, the date of the judgment, the amount of the same, and the amount of costs, with the page and the book where the same may be found."

Now, if a transcript when filed in a county other than that in which the judgment was rendered is to be a lien "in like manner as in the county where such judgment was rendered," as prescribed by section 8937, and a judgment in the county in which it is rendered is not a lien until it is

entered upon the judgment index or record, it would seem to follow that the mere filing of the transcript in the other county would be insufficient to constitute a lien, but that, in addition, to acquire that quality, it must be entered upon the judgment record; otherwise, it would become a lien in different manner from judgments in the county where rendered.

If this is the correct interpretation and construction of section 8937, of which we have no manner of doubt, then the words "and entered on the judgment record" in section 8939 require compliance with no other or different condition than is imposed in the case of domestic judgments. Appellant cites the case of *Rhea v. Smith,* 274 U. S. 434, which holds that state statutes governing the liens of judgments of the federal courts must be in *exact* conformity to the laws governing judgments of state courts. The rule so announced is binding upon this court, but the statute of Missouri under consideration in that case was entirely different from the ones we are considering; it attempted to provide that, before a judgment of the federal court should be a lien in the county where rendered, a transcript thereof should be filed in the state court of such county; whereas a state judgment became a lien immediately upon rendition. It is apparent that the ruling in that case is not controlling in this.

We conclude that the laws of this state governing judgment liens of federal courts and state courts are in exact conformity and that the district court was right in sustaining the demurrer to defendant's answer, and that the judgment for the plaintiff should be affirmed.

AFFIRMED.