NIEMI BROTHERS, INC., Plaintiff, v. LOUIS ROSENBLUH, Defendant.

Municipal Court of New York, Borough of Bronx, First District, March 30, 1933.

*Christopher C. McGrath*, for the plaintiff.

*David H. Hausman*, for the defendant.

WATSON, J. This action is to recover the sum of $500, with interest, which sum was paid by plaintiff to defendant as an initial payment under a contract of sale of real property situated in the county of Bronx. The contract is dated January 3, 1930, and the closing of title was therein fixed for February 4, 1930. After the contract was executed, an examination of the docket of the clerk of the United States District Court for the Southern District of New York disclosed an entry therein on December 4, 1929, of a judgment in favor of the United States of America against the defendant herein for internal revenue taxes due in the sum of $8,890.73, pursuant to a notice of tax lien filed in that office by the Collector of Internal Revenue. The plaintiff asserts that the foregoing entry creates a lien on defendant's real property described in the contract and refused to go forward with the contract of sale, and now sues to recover the down payment.

At common law judgments were not liens against property. A judgment, therefore, is not a lien unless it is conformed to the statute which makes it such. (*Hulbert* v. *Hulbert*, 86 Misc. 662; affd., 165 App. Div. 858.) " Except as provided by statute, a mere judgment is never a lien against the real estate of the judgment debtor." (*H. R. & C. Co.* v. *Smith*, 242 N. Y. 267.)

Our statute provides that a judgment wholly or partly for a sum of money, required to be docketed, neither affects real property or chattel real nor is entitled to a preference until the judgment roll is filed and the judgment docketed, and " that no judgment shall be a charge upon the real property of any person unless and until he be designated by his name in a docket of such judgment in the office of the clerk in the county where such property is located." (Civ. Prac. Act, §§ 509, 510.) It is conceded that the judgment was never filed or docketed in the county of Bronx where the property is located.

The plaintiff contends, nevertheless, that the judgment is a valid lien on defendant's real property because a judgment of the Federal court becomes a lien on real property to the extent of the territorial jurisdiction of that court. (28 U. S. C. A. 812; Comp. St. § 1606.)

The cases of *United States* v. *Harpoothian* (24 F. [2d] 646) and *Rhea* v. *Smith* (274 U. S. 434) are cited to support such contention.

Section 812 of title 28 of the United States Code provides that " Judgments and decrees rendered in a District Court of the United States within any State, shall be liens on property throughout such State in the same manner and to the same extent and under the same conditions only as if such judgments and decrees had been rendered

by a court of general jurisdiction of such State. Whenever the laws of any State require a judgment or decree of a State court to be registered, recorded, docketed, indexed or any other thing to be done in a particular manner, or in a certain office or county, * * * before a lien shall attach, this section and section 813 of this chapter shall be applicable therein whenever and only whenever the laws of such State shall authorize the judgments and decrees of the United States Courts to be registered, recorded, docketed, indexed or otherwise conformed to the rules and requirements relating to the judgments and decrees of the courts of the State."

Prior to December 4, 1929, the date of entry of the aforesaid judgment in the docket of the clerk of the United States District Court for the Southern District of New York, and on September 1, 1928, section 502-a of the Civil Practice Act became effective. Said section provides that "Each county clerk upon being presented with a transcript of a judgment rendered in a Circuit or District Court of the United States within this State, and upon receiving his fees therefor, shall immediately file such transcript and docket the judgment in the same manner as prescribed by law for the docketing of judgments rendered in the supreme court of this state."

By adopting the foregoing provision of section 502-a, the Legislature of the State of New York intended to authorize the judgments and decrees of the United States courts to be docketed or otherwise, and conform to the rules and requirements relating to the judgments and decrees of the courts of the State. In New York State, therefore, before the lien shall attach to the entry of a judgment of the United States courts, the judgment must be docketed or otherwise conform in accordance with the provisions of section 502-a. That was not done with the judgment in discussion, for the same was not docketed in the office of the clerk of the county of Bronx.

The rule laid down in the case of *United States* v. *Harpootlian* (*supra*), decided March 5, 1928, that even though a judgment of the United States court is not registered, recorded, docketed or indexed as is the requirement relative to judgments in the State, it is nevertheless a valid lien on real estate co-extensive with the territorial jurisdiction of the District Court, is inapplicable to the instant case in view of the enactment of section 502-a of the Civil Practice Act subsequent to the date of that decision, and by virtue of the express statement in the section of the United States Code (*supra*), that that provision is limited to cases "only whenever the laws of such State shall authorize that judgments and decrees of the United States courts to be registered, recorded, docketed, indexed or otherwise conformed to the rules and requirements relating to the judgments and decrees of the courts of the State."

In *Lineker* v. *Dillon* (275 Fed. 460) the court stated (at p. 473): " It will be observed that under the terms of the proviso the act is to have effect only in those States wherein the State law has made provision by which the mode of casting liens by judgments and decrees of the federal courts shall be ' conformed to the rules and requirements relating to the judgments and decrees of the courts of the State;' in other words, until the State shall have provided — which obviously Congress did not possess the power to do — for docketing, or filing abstracts of the judgment of federal courts in the local State or county offices in the same manner as provided for judgments of State courts, and giving them like effect, thus putting them upon an equality with the latter as a protection to suitors, the limitations of the act should not apply, but a judgment or decree of a federal court should continue to cast a lien coextensive with the territorial limits of the jurisdiction of the court rendering it. And such has been the construction of the act." (*Dartmouth Savings Bank* v. *Bates*, [C. C.] 44 Fed. 546.)

In *Matter of Jackson Light & Traction Co.* (*Lee* v. *Newton*) (269 Fed. 223, decided Dec. 15, 1920, by the Circuit Court of Appeals, Fifth Circuit) the court held that " Under Act Aug. 1, 1888, providing that judgments and decrees of federal courts shall be liens on property in the same manner and to the same extent as a judgment of the courts of the State where recorded, and Code 1906 Miss. § 822, providing that a judgment or a decree of a federal court, of the State Supreme Court or chancery court, or of any State court of a different county, shall not be a lien on property of the defendant in any county, until enrolled in the office of the clerk of the circuit court of said county, a judgment rendered by a Federal court in Mississippi is not a lien on property in any county unless so enrolled in that county and then only from the date of enrollment."

In a situation as is here presented, the United States Supreme Court in *Rhea* v. *Smith* (274 U. S. 434), referring to the decision in *Massingill* v. *Downs* (7 How. 760), a case involving a similar proposition, said (at p. 441): " It is clear that Congress, by the first section of the Act of August 1, 1888, quoted above, intended to change and limit the existing rule, as stated by this Court, through Mr. Justice McLean, in *Massingill* v. *Downs, supra,* that federal court judgments were a lien upon lands throughout the territorial jurisdiction of the respective federal courts, but intended to do this only in those States which passed laws making the conditions of creation, scope and territorial application of the liens of the federal court judgments the same as state court judgments, so that where any State has not passed such laws, the rule that judgments are liens throughout the territorial jurisdiction of such courts must still be in force."

That a lien against defendant's real property has not been established is further shown by the evidence.

In instances where a claim for unpaid internal revenue taxes is not reduced to judgment, the Federal statute prescribes a method by which a lien therefor may be created on the real and personal property of the taxpayer.

Section 3186 of the United States Revised Statutes, as amended by the Revenue Act of 1928, provides as follows: " (a) If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time.

" (b) Such lien shall not be valid as against any mortgagee, purchaser, or judgment creditor until notice thereof has been filed by the collector —

" (1) in accordance with the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law provided for the filing of such notice; or

" (2) in the office of the clerk of the United States District Court for the judicial district in which the property subject to the lien is situated, whenever the State or Territory has not by law provided for the filing of such notice." (U. S. Code, tit. 26, § 115.)

The notice of tax lien was not filed in the office of the clerk of the county of Bronx.

For the purpose of creating tax liens upon real property of persons in this State liable for Federal internal revenue taxes in accordance with the foregoing provisions of the Federal statute, this State enacted section 240 of the Lien Law which provides that " Notice of liens for internal revenue taxes payable to the United States of America and certificates discharging such liens may be filed in the office of the recording officer of the county in which real property subject to any such lien is situated * * *. Until the filing of such notice, such lien shall not be valid as against any mortgagee, purchaser or judgment creditor having or claiming any right, title or interest in or to or lien against such property, or any part thereof."

It follows that defendant is entitled to judgment dismissing plaintiff's complaint on the merits.