**RECONSTRUCTION FINANCE CORPORATION v. MALEY et al.**

**No. 7723.**

Circuit Court of Appeals, Seventh Circuit.

Jan. 7, 1942.

Lee Walker, M. O. Hoel, and John M. Crimmins, all of Chicago, Ill., for appellant.

Burrel Barash, of Galesburg, Ill., for appellees.

Before SPARKS, MAJOR, and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from an order, entered May 27, 1941, dismissing plaintiff's suit for declaratory judgment. The complaint alleged that a judgment was obtained in the United States District Court for the Northern District of Illinois on May 1, 1937; that a duly certified copy of the same was filed October 14, 1937, in the office of the Clerk of the Circuit Court of Knox County, Illinois, a court of record; that an execution was issued on said judgment, April 19, 1938, by the United States Clerk for the Northern District of Illinois directed to the United States Marshal for the Southern District of Illinois; that the same was served on the judgment debtor July 7, 1938, and returned to, and filed in, the office of the District Clerk for the Northern District of Illinois, July 21, 1938, endorsed no property found and unsatisfied; and that the

judgment debtor was the owner of certain real estate in Knox County, Illinois, from a date prior to May 1, 1937, to March 26, 1940.

Premised on these allegations, plaintiff prayed for an adjudication that its judgment entered May 1, 1937, in the United States District Court, be declared a lien upon the real estate of the judgment debtor located in Knox County. (Subsequent to March 26, 1940, the real estate was conveyed by William H. Maley, the judgment debtor, to certain persons named as co-defendants in this suit. The circumstances of such conveyance are not material to the instant case.)

The court below concluded that the filing of a certified copy of the decree (judgment) in the Circuit Clerk's office of Knox County, Illinois, was not in compliance with Par. 1, Chap. 77, Illinois Revised Statutes (quoted hereinafter) providing for the filing of a transcript of judgment. In other words, the court held that the certified copy of judgment was not a transcript of judgment. In conformity with this holding, the court allowed defendant's motion to dismiss the complaint. The court's conclusion in this respect presents one of the issues argued on this appeal. Unfortunately, the question has not been decided by any Illinois Court, so far as we are advised. We are convinced the court's action in dismissing the complaint was proper, even though the certified copy of judgment met the Illinois requirement as to a transcript of judgment. It therefore appears unnecessary to decide this question. For the purpose of our decision we assume, without deciding, that the certified copy of judgment filed in the Clerk's office of Knox County, October 14, 1937, was a transcript of the judgment and it will be referred to hereafter as such.

Admittedly, plaintiff, by the filing of such transcript, acquired a lien upon the debtor's real estate located in Knox County. No execution was issued upon such transcript, but execution was issued, April 19, 1938, upon the Federal Court judgment, directed to the United States Marshal for the Southern District of Illinois, which was served upon the judgment debtor and returned, no property found, to the office from whence it issued. Plaintiff contends (1) that this execution extended the lien on the Knox County real estate, acquired by reason of the transcript filed in that county, and (2) that if the execution did not serve such purpose, the Illinois law discriminates against a Federal Court judgment in that it makes no provision for the issuance of an execution upon a transcript of judgment from a Federal Court, while such provision is made with reference to a State Court judgment. It is further contended that as a result of this discrimination, the Illinois Statute is not controlling, and that under Federal law its judgment became a lien on defendant's property in any county in the State of Illinois.

A reading of the legislative enactments, both by the Congress of the United States and the General Assembly of Illinois, leaves no room for doubt but that it was the purpose of each to place a Federal Court judgment and the lien created thereby upon a par with a State Court judgment. Inasmuch as the question under consideration involves numerous statutory provisions, it will be necessary to quote rather extensively.

Section 812, 28 U.S.C.A., provides in part: "Judgments and decrees rendered in a district court of the United States within any State, shall be liens on property throughout such State in the same manner and to the same extent and under the same conditions only as if such judgments and decrees had been rendered by a court of general jurisdiction of such State. * * "

Section 814, of the same title, provides: "Judgments and decrees rendered in a district court, within any State, shall cease to be liens on real estate or chattels real, in the same manner and at like periods as judgments and decrees of the courts of such State cease, by law, to be liens thereon."

Paragraph 1 of Chap. 77, Illinois Revised Statutes, 1939, provides: " * * * a judgment of a court of record shall be a lien on the real estate of the person against whom it is obtained, situated within the county for which the court is held, from the time the same is rendered or revived, for the period of seven years, and no longer: Provided, that there shall be no priority of the lien of one judgment over that of another rendered during the same calendar month and upon the filing in the office of the clerk of any court of record in any county in this State, of a transcript of a judgment or decree rendered in any other county of this State, such judgment shall have the like force and effect and shall be a lien upon the real estate of the party against whom the same is obtained in said county where filed, and execution may issue

thereon in said county, in like manner as in the county where originally obtained. When execution is not issued on a judgment within one year from the time the same becomes a lien, it shall thereafter cease to be a lien, but execution may issue upon such judgment at any time within said seven years, and shall become a lien on such real estate from the time it shall be delivered to the sheriff or other proper officer to be executed. * * *"

So there may be no uncertainty as to the construction sought by plaintiff of Par. 1, we quote the following statement from plaintiff's brief: "In order, therefore, to make a State court judgment a lien on real estate located in a foreign county in Illinois it is necessary to do two things, (1) to file transcript of the judgment in the foreign county within a year from the date the judgment is entered whereupon it becomes a lien on the real estate of the judgment debtor in that county, and (2) to issue an execution on the judgment within one year from the time it becomes a lien. Plaintiff obtained its judgment on May 1, 1937. It filed its transcript in Knox County, Illinois on October 14, 1937. It obtained the issuance of an execution from the United States District Court for the Northern District of Illinois on its judgment on April 19, 1938. That execution was duly served on the judgment debtor. Plaintiff has, therefore, complied with the Illinois statutes, and its lien on the real estate located in Knox County will continue until seven years from May 1, 1937."

In support of this statement, plaintiff relies upon the first phrase of the last sentence of Par. 1 (above quoted): "When execution is not issued on a judgment within one year from the time the same becomes a lien, it shall thereafter cease to be a lien." It then argues "the statute does not say from where the execution must issue. The steps taken by plaintiff are within the language of the statutory requirement." The literal words of the phrase relied upon, independent of the remainder of the paragraph, may support plaintiff's contention, but that phrase must be read in the light of the entire paragraph, and when so read, there is no room for the construction sought. Immediately preceding this phrase is the provision for the filing of a transcript in any county of the state and "execution may issue thereon in said county, in like manner as in the county where originally obtained." The paragraph plainly provides,

so we think, that the execution may be issued upon the transcript judgment in one situation and the original judgment in the other. It would be just as reasonable for plaintiff to contend that its judgment lien was preserved without filing a transcript in Knox County because the phrase immediately following that relied upon, provides: "But execution may issue upon such judgment at any time within said seven years, and shall become a lien on such real estate from the time it shall be delivered to the sheriff." By ignoring the remainder of the paragraph and accepting the literal meaning of this phrase, it was only necessary for plaintiff to have execution upon its original judgment in order to preserve its lien for seven years.

So far as we are aware, Par. 4 of Chap. 77, Illinois Revised Statutes, 1939, contains the only authority for the issuance of an execution directed to a county other than that in which the judgment has been obtained. The mere service of such an execution, however, furnishes no assistance to a judgment lien—in fact, an execution lien is created only by service of the execution, a levy upon the real estate, and a certificate of such levy filed in the Recorder's office of the county in which the real estate is located, as is provided by Par. 37, Chap. 77 of the Illinois Act.

It appears, as stated by the plaintiff, that no Illinois court has held that the execution contemplated by Par. 1 must be issued on the transcript of the judgment rather than on the original judgment in order to preserve the lien created by the former. As a matter of speculation, we suspect that this is the first instance in which a litigant has had the temerity to argue for such a construction.

While the precise question has not been decided, we think the Illinois Courts have, by implication, excluded the theory advanced by plaintiff, by pointing out the two methods by which a lien may be acquired and preserved upon real estate located in a county other than the one where judgment is rendered. Typical of such cases is Chicago Savings Bank & Trust Co. v. Coleman, 283 Ill. 611, on page 615, 119 N.E. 587, on page 589, where the court said:

" * * * A judgment creditor having a judgment in a court of record in a county other than the county in which the judgment debtor has real estate may pursue one

of two courses to subject such real estate to the satisfaction of his judgment. He may file a transcript of his judgment in the county where the real estate of the judgment debtor is situated, as provided in section 1 of chapter 77, or he may have execution from the court in which he has obtained judgment, directed to the proper officer of the county in which the real estate is situated, as provided in section 4. If the first method is pursued, that of filing a transcript, then upon the filing of such transcript, as provided in section 1, such judgment shall have the like force and effect and shall be a lien upon the real estate of the party against whom the same is obtained in said county where filed, and execution may issue thereon in said county in like manner as in the county where originally obtained. * * *"

Then follows a description of the other method, that is, where execution is issued under Sec. 4, a levy made under Sec. 34, Smith-Hurd Stats. c. 77, § 37, and a certified copy of the same filed in the appropriate office. One method extends the judgment lien—the other results in an execution lien.

■ We therefore are of the opinion that a state court judgment can be made a lien on real estate located in a county in Illinois other than the one in which it is rendered, only by the filing of a transcript of such judgment and the issuance of an execution in the county where the transcript is filed. Further, that the issuance of an execution from the original county directed to the county where the transcript is filed is not a compliance with Par. 1 and can not be utilized for the purpose of extending the lien on real estate located in the county where the transcript judgment is filed.

■ We now come to plaintiff's argument that such a construction of Par. 1 results in discrimination in favor of state court judgments and against those of the Federal courts. This argument is on the theory that Par. 1 is applicable only to state court judgments and that there is no provision in the Illinois Act authorizing the issuance of an execution on and in the county where a Federal transcript of judgment is filed. It is claimed, therefore, that plaintiff could not have obtained the issuance of an execution on the transcript of its Federal judgment by the Clerk of the Circuit Court of Knox County, Illinois.

Again no authority is cited which sustains this proposition. People v. Wallace, 332 Ill. 427, 163 N.E. 820, is cited in support of the general rule that a court other than the one pronouncing judgment is without authority to award execution in the absence of express statutory authority. This rule has no application in the instant case for the reason that there is, under proper construction, statutory authority for the issuance of an execution upon a transcript of judgment, both in the Federal and Illinois Statutes. Section 812 of the United States Code (quoted heretofore) expressly provides that judgments in Federal courts shall be liens in the same manner and to the same extent as judgments in State courts.

Section 814 of the United States Code (quoted heretofore) provides that judgments of Federal courts shall cease to be liens in the same manner and at like periods as judgments of State courts.

■ In Rathbone Co. v. Kimball, 117 Neb. 229, 220 N.W. 244, on page 246, the Supreme Court of Nebraska, on facts similar to those of the instant case, wherein discrimination was alleged against Federal and in favor of State court judgments, in discussing Section 812, said:

"* * * This language makes the judgment of the federal court a lien under precisely the same conditions that it would become a lien if rendered in a state court of general jurisdiction, and, in effect, incorporates in the act of Congress the state statute, the same as though it had been therein copied in extenso. It is, therefore, perfectly clear that the provisions of section 8986, as amended, are by the act of Congress made applicable to judgments of the federal courts, which are invested with the same qualities as to their binding effect upon the lands of the debtor as are given to domestic judgments. * * *"

We approve of this pronouncement. Consequently, Par. 1 of the Illinois Act, which purports to deal with state court judgments, is, by Sections 812 and 814, adopted and made a part thereof. As a result, there is no right which Par. 1 accords to a state judgment which is not, by the same token, accorded to a Federal judgment. The lien as to each is created, extended and extinguished in precisely the same manner.

Further, the General Assembly of Illinois has provided that Federal court judg-

ments shall conform to those of the state courts in every respect. Paragraph 69, Chap. 77, provides: "That judgments and decrees of courts of the United States held, within this state, and all writs, returns, certificates of the levy of a writ, and records of said courts may be registered, recorded, docketed, indexed or otherwise dealt with in, the public offices of this state, so as to make them conform to the rules and requirements relating to judgments and decrees of courts of this state."

Paragraph 69a of the same chapter, provides: "The judgments and decrees of courts of the United States held within this State, shall be a lien upon the real estate of the person against whom they are obtained, situated within the county in which the court is held, from time rendered or revived. Upon filing in the office of the clerk of any court of record in any county of this State, of a transcript of a judgment or decree of a court of the United States rendered in any other county of this State, such judgment or decree shall be a lien upon the real estate of the person against whom the same is obtained, in the county where filed, in like manner as judgments and decrees of courts of record of this State. * * *"

Plaintiff argues that because Par. 1, relative to state court judgments, expressly provides for the issuance of execution upon the filing of a transcript of judgment, the omission of such authority from Par. 69a, relative to Federal court judgments, discloses a want of authority as to the latter. Paragraph 69a, however, after providing for the filing of a transcript in any county in the state, provides that the same shall be a lien upon real estate in that county "in like manner as judgments and decrees of courts of record of this State." By this language, the provisions of Par. 1 relative to transcript judgment liens were included by reference as effectively as though they had been expressly included. As pointed out heretofore, Par. 1 was adopted and made a part of Sec. 812 of the United States Code and we think it was likewise adopted and made a part of Par. 69a by the General Assembly of Illinois.

It is further contended that it would be impossible for a state court to issue an execution on a transcript of a Federal judgment in like manner as in the county where originally obtained, because the manner of issuing execution in the latter is to direct the same to a United States Marshal. It is claimed there is no authority for United States Marshals to execute the process of state courts, nor for state courts to direct their process to United States Marshals. Rule 4(c), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is cited in support of this argument. The rule provides, however, that service of process shall be by a United States Marshal, or "by some person specifically appointed by the court for that purpose." Thus, the Federal court has authority to direct its process to any person appointed by it. We see no reason why the state court of the county wherein the transcript is filed could not direct execution in the same manner as though the transcript was from a state court. However, the question as to the proper officer or person to serve an execution issued on plaintiff's transcript of judgment in Knox County, is beside the point. It is sufficient for us to conclude that such an execution could properly have been issued. We therefore are of the view that plaintiff's contention that its judgment was discriminated against, must be rejected.

Furthermore, we are of the view that the acceptance of plaintiff's contention, that its judgment was discriminated against because there was no authority for the issuance of execution on its transcript of judgment filed in Knox County, would be of no assistance in support of its argument in favor of a lien. Its position in this respect is predicated on the theory that the extent of the lien of plaintiff's Federal judgment is to be determined by the decisions of the Federal Court. Rock Island National Bank v. Thompson, 173 Ill. 593, 50 N.E. 1089, 64 Am.St.Rep. 137; Rhea v. Smith, 274 U.S. 434, 47 S.Ct. 698, 71 L.Ed. 1139. Upon this premise, it is argued that under Federal decisions, the lien of a Federal court judgment attaches to all real estate of the judgment debtor within the state wherein the judgment is rendered. In support of this proposition, plaintiff cites Massingill v. Downs, 48 U.S. 760, 7 How. 760, 12 L.Ed. 903, and Prevost v. Gorrell, C.C.E.D.Pa. 1877, 19 Fed.Cas. page 1296, No. 11,400. We have read and reread these cases. We are of the view that the former furnishes no support for plaintiff's contention, but admittedly there is support for it in the second. In the Downs case, it was held that a judgment rendered by a Federal Court for the Southern District of Mississippi was a lien upon the property of the

debtor located in a county of the District, other than the one in which the judgment was rendered. The court, with reference to jurisdiction of a Federal Court, 48 U.S. on page 766, 7 How. on page 766, 12 L.Ed. 903, said:

"The Circuit Courts [now District Courts] of the United States exercise jurisdiction coextensive with their respective districts. * * *"

The liens created by Federal court judgments are classified by the court as follows:

1. (48 U.S. at page 766, 7 How. at page 766, 12 L.Ed. 903) "In those States where the judgment on the execution of a State court creates a lien only within the county in which the judgment is entered, it has not been doubted that a similar proceeding in the Circuit Court of the United States would create a lien to the extent of its jurisdiction. * * *"

2. (48 U.S. at page 767, 7 How. at page 767, 12 L.Ed. 903) "We have seen that, where there is no statutory lien, it is created by issuing and delivering to the sheriff an execution, which authorizes the sale or extension of the real estate of the defendant. In those States, it is the process authorized by the judgment which creates the lien; and in such cases we necessarily look to the nature of the process, and the extent of its operation, to determine the lien. It must act upon the land of the defendant, and consequently the land must lie within the jurisdiction of the court."

Plaintiff relies upon what was said concerning the second class, in connection with Sec. 838, 28 U.S.C.A., which provides that execution upon Federal court judgments may be directed to any part of the state and made returnable to the court where the judgment was obtained. We think, however, that the expression of the court as to the first class rather than the second, is applicable in the instant case. Here, the discrimination complained of is the want of authority to issue an execution on a transcript of judgment. It is not claimed that discrimination exists as to a Federal judgment in the county where obtained. A state court judgment in Illinois creates a lien in the county of the court's jurisdiction, and it follows that a Federal court judgment creates a lien within its jurisdiction which, as shown, is "coextensive with their respective districts." On the other hand, if plaintiff comes within the second classification, it is little, if any, better off, for in those states the process "must act upon the land of the defendant" and "the land must lie within the jurisdiction of the court." In the instant case, the land is located in Knox County within the Southern District of Illinois, and consequently, is not within the jurisdiction of the court. Furthermore, there was no levy made under the execution and, therefore, it did not "act upon the land."

We shall not discuss the Prevost case for the reason that, in our view, it is not consistent with sound reasoning or the weight of authority. It has been held in Rhea v. Smith, 274 U.S. 434, 444, 47 S.Ct. 698, 71 L.Ed. 1139, United States v. Harpootlian, 2 Cir., 24 F.2d 646, 648, and Rock Island National Bank v. Thompson, 173 Ill. 593, 605, 50 N.E. 1089, 64 Am.St.Rep. 137, that the jurisdiction of a United States District Court is coextensive with the boundaries of the District, and that a judgment of such court is a lien only upon the real estate of the debtor located within the District. There may be justification for plaintiff's statement that the language used in the cases last cited is dictum, but, whether so or not, we are convinced that a correct proposition of law was announced.

We are satisfied the law should be and is that the judgment in the instant matter created no lien upon the debtor's real estate, located beyond the territorial boundary of the district, wherein the judgment was rendered.

The order dismissing the complaint for failure to state a cause of action is affirmed.